Desbigkt. J.
delivered the opinion of the court. John Nancarrow, the plaintiff in this case, being creditor of John House, a citizen of Kentucky, sued out a writ of attachment against the property of said House, in the first district of this state, by virtue of which writ the steam boat Franklin, whereof House was part owner, was attached. The other owners, to relieve the boat from that attachment, came forward and filed their claim for the three fourths of that vessel, offering at the same time “to give security to account for such part, as should be found to belong to the defendant John House, upon a final adjustment of their respective claims and accounts, upon a due appraisement or sale of the *663 interest and share of the said John House.”—On the filing of that claim and on motion of the conn-sel for the claimants, it was ordered by the court, “ that the boat should be delivered to the claimants upon their executing bond in the sum of ten thousand dollars., with Maunsel White, their surety, conditioned to abide the judgment of the court in the premises.”—Judgment having been rendered against House in favor of Nancar-row, for seven thousand one hundred and twelve dollars, and thirty-three cents, and only a part of that sum having been satisfied, cut of the proceeds of the sale of House’s share in the steam boat Franklin, the present suit is brought against his co-proprietors, on the bond by them given, to recover from them the balance remaining due on the said judgment.
To support this pretention, the plaintiff relies on the expressions of the bond into which the claimants have willingly entered, “ to abide and perform the final judgment to be made in the premises.”—This, it is contended, is a promise to satisfy the judgment to be rendered against House -—But, the claimants did not subscribe this bond as sureties for House : House is not even a party to the bond. They subscribed the bond as principals, and gave surety besides : they subscribed as parties to the suit, and engaged to abide by the judgment to be rendered against *664 them, on their offer r< to account for the part of the defendant John House, in the steam boat This bond, is not one of those which the law requires from a defendant who wishes to relieve the property attached. These claimants were not defendants : they were third parties, who complained that their property had been attached to pay the debt of another ; but at the same time, as they acknowledged that an undivided part of that property belonged to the defendant, they prayed that the whole should be delivered to them, on their giving security to account for the defendant’s share, upon its appraisement or sale. After this prayer, the property is ordered to be delivered to them, on their giving bond with surety to abide by the judgment of the court. This must necessarily be understood, in relation to their obligation to account for the share of their co-proprietor ; but should it remain doubtful, from the manner in which the order of the court and the bond are worded, whether these claimants intended any thing more than making themselves responsible for the share of the defendant, justice commands to put upon that bond, the most equitable construction, and will reject an interpretation which would tend to make them pay the defendant’s debt, not only out of his share, but out of their own.
Eustis for the plaintiff", Turner for the defendants.
ít is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that judg-blent be entered for the defendants with costs.