Mathews,.].
delivered tlie:opioii>n of the court. ⅝ . ⅜ This case is, in ail its eirou nstauces, similar to that of Allard vs. Ganushau, determined in this court, at March term, 1847. 4 Martin, 662.
The reasons,?in support of the judgment friieu pronounced, being completely applicable to the present cáse, it is dee aed useless now to repeat .tbeuLfp Store decisis is a convenient and perhaps a sound legal maxim. JBilt, whilst there *441 is only one decision, which establishes a prin-•i-i f , -i ciple in law, a court of justice, when required, ought to examine the question, without prepossession in favor of its first opinion.
Grymes for the plaintiff, Maybin for the defendants.
In the case under consideration, we have done so, and cannot discover any good cause to induce an alteration of the construction given to the constitution and law, in the case cited. The decision in that of Montserrat vs. Godet, 5 Mart. 522, has been referred to as contradictory to the former; but the apparent inconsistency of the judgments, in the two cases, vanishes on the slightest examination. The latter was an action on an unliquidated demand, wherein the court is bound to interfere and fix the quantum of the debt or damages, and being bound to act, must, according to the provision in the constitution, assign reasons for its judgment; which is not necessary in cases of liquidated claims, on which judgment by default has been taken.
It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.