Mathews, J.
delivered the opinion of the court. In this case a rehearing has been granted, at the request of the defendant and appellant, the court having doubted the correctness of their decision, by which the plaintiff was nonsuited.
The action is brought on a promissory note, and brought against an endorser; the defendant, in his answer, prayed to have a jury, to whom facts were submitted, in pursuance of the act of the legislature, in such cases made and provided. After a verdict, which is affirmative of the facts submitted, the parish court gave a judgment for the plaintiff, which was reversed by this court, and judgment rendered as in case of a nonsuit.
It is now contended, on the part of the defendant, that the latter judgment cannot be sup *568 ported, on principles derived frotn either the Spanish or English law.
It is said, in some of the treatises on the former of these laws, that, after the contestatio litis, the plaintiff cannot withdraw his action nor change it. We are of opinion that the utmost extent to which this rule is to be carried, will only deny to a plaintiff the privilege of discontinuing his suit, as a matter of right, without the interference of the court, after the defendant has contested his claim. But it is within the legal discretion of tribunals of justice to allow such a discontinuance, after judgment or verdict.
Our trial by jury being borrowed from the common law of England, to it we must resort for a rule to govern that mode of proceeding. According to this system of laws, as it has been lately recognized, in the case of Chedoteau’s heirs vs. Dominguez, ante 520, it is agreed that, after a general verdict, a judgment of nonsuit cannot be allowed by the court, the verdict being for the plaintiff. Passing in silence all that has been said by the counsel for the defendant, in regard to the technical definition of a nonsuit, as being only the recorded default of the plaintiff, &c. it only remains for us to examine whether, after a special verdict, the court *569 ttay grant, to ⅜ plaintiff, the benefit of a nonsuit cftdiscenti nuance. - •< ... •,
Since the S Hen. 4* 7> which fa relatfete to the sitOation of this country may fee considered as forming a rule for trials by jury, under the common law terms, “ after verdict passed against the plaintiff, he shall not be nonsuited.” ' But this provision of the statute, it is believed,-has been confined to general verdicts ; for they alone can be said to have passed against the plaintiff or defendant, by .finding both the,; law and facts ®f the case,. A special verdict slates the naked facts, as the jury finds them to be proven, and, concludes conditionally, not absolutely, for either party. 3 Bl. Com. 377- The finding of the jury, on facts submitted under opr statute, must be considered as a special verdict.
la the present case we vifew.it so, and think that, after the answfer of the jury, the parish court might have allowed to the plaintiff the benefit of a nonsuit, had the judge been of opinion that.the allegations in the petition, and tlm facts found, were not sufficient to authorise a judgment in his favor. 5 Mod. 208. But that court gave judgment for the plaintiff, which), in our ¡'opinion, was erroneous, and ^accordingly vve reversed it. ,.i
Denis for the plaintiff, Ellery for the defendant.
The case was then placed before us precisely game gja|e jn which it was before judgment in the pafish court, to be adjudged according to law, justice and equity, which, as yve believe, required of us such a decision as might put the plaintiff out of court, with liberty to re-commence. Such has been given, and we see no reason to alter it. The circumstance of this judgment of nonsuit, not having been asked by the plaintiff, is no substantial objection to its correctness ; when offered by the court and accepted by the party, it stood on as good a footing, as if granted on his motion,