Porter, J.
This action was brought by the plaintiff and appellee, against the appellant endorser of a promissory note. The cause was submitted to a jury, and the facts found *466 by them, fully authorise the judgment, and will require the confirmation of it here; unless some error has been committed by the opinions of the court during the trial, on those points, to which bills of exceptions have been taken.
East'n District.
April, 1821.
A blank endorsement gives a right of action to the holder of a note.
Notice given by the bank, of a protest, ensures to the benefit of the prior endorsers.
The first is, to the decision of the judge, admitting the maker of the note to prove its execution. On this objection there is no difficulty, as the witness was equally responsible to both plaintiff and defendant; and as that responsibility could be neither increased or diminished by the event of the suit, I have not a doubt of his competency. Phillips' Evidence, 54, 55, 108. It has been made a question, whether it was not necessary, in all cases, to call him who signed the instrument to prove the hand-writing, on the ground, that his testimony was the best evidence the nature of the case was susceptible of. Phillips' Evidence, 70. But I do not remember to have, ever before, seen it doubted; that if he was not the best possible witness to the fact, he was, at least, as good as any other.
The fact found by the jury, being those on which the court has formed its judgment, it *467 is unnecessary to examine the correctness of the decision of the court, ordering the evidence, given at the trial, to be reduced to writing.
The third bill of exceptions, goes to the admission of the notary public, to give parol evidence of the written notice of protest, when the defendant had not been notified to produce it on the trial.
This objection is bottomed on the elementary principle, which requires, that the best evidence the nature of the case admits of, shall be produced. And which refuses to a party permission to give secondary evidence of a written document, on the ground of its being in possession of his adversary ; until he has shewn, that by giving notice to that adversary to produce it, he has used every exertion in his power, that the best evidence might be had.
This is, no doubt, the rule. But the same good sense which established it, has also furnished the exception : that in cases, where, from the nature of the proceedings, the must know, that the contents of a written instrument in his possession, will come in question, it is not necessary to give him notice to *468 produce it. Phillips’ Evidence, (edit. 1820) 389; and case of Wood vs. Strickland, 2 Merivale, 464, in note.
Applying the exception to the case now under consideration, we find, that the plaintiff in the petition, charged the defendant with having received notice of the protest of this note ; and from the nature of the proceedings, it was well known to him, that recovery could not be had, unless that notice was proved on the trial. As he was perfectly aware, that it must come in question, he could not have been surprised at the attempt to prove it ; and holding the highest evidence of the fact in his possession, he should have had it there, to correct the parol testimony if it was untrue. This court has carried this doctrine still further in the case of Stockdale vs. Escaut, 5 Martin, 567. But my opinion is confined to the cause now before us, where the defendant knew, that proving the contents of the paper, in his possession, was the very gist of the action. So circumstanced, I think the inferior evidence was correctly received, and that the defendant cannot complain of surprise.
I am the more confirmed in this opinion, for I find, on a close attention to the law, *469 that in opposition to the authorities cited by defendant’s counsel, the latter decisions in that country, from which the rule was taken, establish a different principle ; and permit secondary evidence of a written notice of the protest of a bill of exchange, without calling on the party in whose hands it is, to produce it. Chitty on Bills, (edit. 1819) 103. Alkland vs. Pearce, 2 Campbell, 601.
The objection taken to the endorsement, not being in full, cannot be sustained; it has been already decided by this court in the case of Allard vs. Ganusheau, 4 Martin, 662, that a blank endorsement vests the holder with a right of action against all the preceding parties; see also, Chitty on Bills, (edit. 1819) 121, 125.
It only remains to consider, if the notice given by the Planter’s Bank, of the protest, enures to the benefit of the prior endorsers; and I am of opinion, that it does. The verdict finds they were the holders of the bill, and the weight of authority seems clearly in favour of the legality of notice coming from persons so circumstanced.
On the whole, I have no doubt, that the judgment of the parish court should be affirmed with costs.
Denis for the plaintiff, Hennen for the defendant.