## LAWES & AL. vs. CHINN.

APPEAL from the court of the third district.

Husband joining with the wife in a suit, is sufficient evidence of his authorising her to bring the action.

If the plaintiff in execution, sends a writ to another parish, the district court for that parish has jurisdiction to issue an injunction, and try

MARTIN, J., delivered the opinion of the court. The petition states, a separation of goods had taken place between the plaintiffs, and the wife had a judgment against the husband; in consequence of which, certain slaves of his were sold, and purchased by her, and the defendant has caused an execution he had obtained against him, to be levied on one of these slaves, who was sold and purchased by

the husband, at twelve months credit, and she joined him as his security on the bond, and execution has accordingly issued and is levied on the slave, whom the sheriff is preparing to sell.

the questions a-rising on it.
A wife is not legally bound by a note exe-cuted jointly with her hus-band.

The petitioner after an averment of the wife's title to the slave, and of her incapacity legally to bind herself as security for her hus-band, prays for an injunction, which accord-ly issued.

The defendant, though cited, made default, and the injunction was made perpetual. He appealed.

His counsel urges, the wife was not au-thorised by her husband to sell; the defen-dant appears, by the petition, to be a resident of the parish of Feliciana, and was irregularly sued in that of Ascension—the judgment by default given on the 4th of May, was pre-maturely made final on the 7th of May; no proof was administered of the allegations. He had a right to his execution, and the in-junction was improperly made perpetual. The wife's remedy was by an action of mort-gage; she was legally bound as surety.

1st. The husband and wife being co-plain-

tiffs, his authorisation to her, clearly resulted from his joining the suit, in which he had no other interest than to assist her in asserting her right.

2d. The injunction was a remedial writ against the sheriff, to prevent an immediate injury, which could not otherwise be effectually warded off, and the plaintiff was necessarily cited to gainsay the allegations of the party and assert his right. *Ex necessitate rei*, it must have issued by the judge of the parish in which the execution was to be carried into effect. If an execution from Ouachita or Natchitoches, was levied on the parish of Terre-aux-Bœufs or Washington, on personal property, it might be sold and removed to a distance, if none but the judge of Ouachita could issue an injunction.

3d. The injunction was made perpetual, as the record shows, on the 19th May, a fortnight after the default was taken, although an entry, that the judgment in default was made on the 4th. This entry was signed, and we conclude, that the making the injunction perpetual, was the final judgment.

4th. There is no statement of facts, and we

East'n. District.
*April,* 1826.

LAWES & AL.
*vs.*
CHINN.

are bound to presume that the legal evidence required, was administered.

5th. The slave being the wife's property, she had a right to resist the sale for a debt of her husband, and she was not driven to an action of mortgage.

6th. We having held in *Durnford* vs. *Gros and wife*, 7 *Martin*, 465, that a wife is not legally bound by a note jointly executed with her husband.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Watts & Lobdell* for the defendant.