## PERRY vs. GERBEAU & WIFE.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. The defendants in the original an-

The attorney
in fact to
whom the
plaintiff had
indorsed a
note for col-
lection, may

swer, pleaded the general issue, and afterwards, with leave of the court, a plea by which they averred " that a partnership for the purchase of cotton existed between one of them and the plaintiff, in the years 1818 and 1819 : that they were to share the profits and losses equally, and that a loss was sustained in purchasing and selling this cotton, to the amount of $2400, one half of which sum should be taken as an offset against the claim set up in the petition.

West'n Dis'ct
August, 1826.

PERRY
vs.
GERBEAU &
WIFE.

be permitted to strike out the endorsement, at the trial.

Evidence of the admissions of the party is of the most dangerous kind.

A wife is not bound by a note executed jointly and severally with her husband, on a contract which did not turn to her advantage.

The first question necessary to be decided arises out of an endorsement made on the note by the petitioner previous to the institution of the suit, and existing on it at the time of the trial.

On offering it in evidence the defendants objected that as the petitioner, who was payee, had endorsed it over to his attorney in the present case, it could not be received in evidence, the legal title being vested in another.

The counsel for the plaintiff then applied to the court for leave to strike out the endorsement, which leave was granted. The defendants excepted to the decision.

In the bill of exceptions it is stated by the judge, that he granted the permission prayed

PERRY
*vs.*
GERBEAU &
WIFE.

for, because the plaintiff's attorney was the endorsee.

It is certainly a well established principle of law, that actions can only be maintained on notes or obligations by those in whom the legal title is vested. This has been admitted in argument: and it has also been conceded that the apparent legal title was not in the plaintiff at the time the suit was instituted, but it was urged that in point of fact the real interest in the note always was in the payee; and that proof of these facts could be, and was given, at the time of the trial.

If it followed that, in all cases, the legal interest in a note was vested in the person to whom it was endorsed, or to whom, by its terms, it was made payable—then, perhaps, the objection taken by the defendants, would be valid. But, in many instances, these facts only afford *prima facie* evidence of the legal interest. In the case of an endorser who, on the failure of the maker of a note, or the acceptor of a bill, has been obliged to take it up; it is plain that although his name still remains on the bill, yet, by the fact of payment, the legal right to it is revested in him—and that, on producing the note and proving this pay-

ment, he can recover on it. So, where the drawer has been obliged to pay the amount of a bill of exchange to the payee, in consequence of the acceptor's failing to discharge it. And in the latter case it surely would not be necessary to strike out the name of the payee in order to maintain the action. To require such a formality would indeed be inconsistent with the allegation necessary to enable the drawer to recover from the acceptor.

Being satisfied, therefore, that the fact of the endorsement remaining on the bill, was not conclusive evidence that the right was out of the petitioner, we think the court did not err in permitting the person to whom it was endorsed, to prove that he had no title to the note; and certainly he could not have given better evidence of this fact, than by first sueing in the name of the endorser, and then striking out the endorsement.

There is nothing in what has been just said which has a tendency to shake the doctrine established in the cases of *Thompson* vs. *Flower* & *al* and *Robson* vs. *Early*. In neither of them did there appear any evidence of right to the instrument sued on, but that which resulted from the possession of it. In

the latter case, it was the *endorser*, and not as here the *endorsee*, who offered to strike out the endorsement. The expressions used in the case of *M ore* vs. *Maxwell*, must be understood in relation to the case then before the court. The whole opinion is predicated on the want of evidence to shew the plaintiff had any interest in the note. *Vol.* 1, 301, 373. *2d. ibid* 2.19.

The second question which the cause presents, also arises on a bill of exceptions. The defendants offered to prove, at the time the mortgage was executed, an admission had been made by the plaintiff, that there were losses on the partnership which had existed between the parties, for the purchase of cotton, to the amount of $1600, for which the petitioner had promised to send one of the defendants goods. This evidence was objected to, and rejected by the court.

The claim set up in the answer, was one in *reconvention*, and was too general. Such demands should have the same certainty as a petition. The evidence offered was to prove a distinct contract to send goods, of which no intimation was given by the pleadings; and it was attempted to be proven by the most

dangerous of all evidence, parol proof of the admissions of the party.

We think, therefore, the judge did not err in rejecting the testimony, but he erred in giving judgment against the wife, as by the evidence introduced by the plaintiff himself, it appears she was not bound by the contract. Wives are not responsible for the agreements which they enter into jointly, or jointly and severally, with their husbands, unless it is shewn they have renounced those laws made for their protection, or that the contract has been profitable to them.    7 *Martin*, 465. *Vol. IV*, 388, 230.

As it is possible the husband may have a claim against the plaintiff, for the losses sustained by the partnership, we shall reserve him his right to enforce it in a separate action.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that the plaintiffs do recover of the defendant, Joseph Gerbeau, the sum of two thousand eight hundred and forty-two dollars and fifteen cents, with 3 per cent. interest from the

PERRY
*vs.*
GERBEAU &
WIFE,

25th of August 1821, until paid, and costs in the court below, those of appeal to be borne by the appellee. And it is further ordered, adjudged and decreed, that the mortgaged premises be seized and sold to satisfy the judgment rendered in the case; and that nothing contained in this decree shall affect the right of the defendant, J. Gerbeau, to hereafter enforce any claim for losses sustained by the partnership set forth in the annexed answer filed in the case.

*Brownson* for the plaintiff; *Simon & Fennessey* for the defendants.