*Hennen* for the plaintiffs.

---

### BRANDEGEE vs. KERR & WIFE.

The circum-stance of a wife having received a check, as a contract sev-erally with her husband, is not suffi-cient evi-dence that it turned to his separate ad-vantage.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. This is an action on the note of the wife, endorsed by the husband, alleged to have been received from the wife, on a loan made to her by a check delivered to her, and by her

received to her proper use and benefit.  The

general issue was pleaded, and the wife denied having received any consideration.  The plaintiff had judgment, and the defendants appealed.

According to the plaintiff's own shewing, the note sued on is not the evidence of a contract by which the wife promised to pay a sum of money to the husband, but a mere accommodation paper, in which the husband intervened for no other purpose than to give it credit, and perhaps to manifest his assent to the act of the wife.  We cannot distinguish this paper from a note, joint and several, of husband and wife—for they are bound jointly and severally—and the plaintiff has prayed for a judgment joint and several.  The only difference is in the form, which, as to the husband, perhaps created the necessity of a protest and notice.  We say perhaps, because we are not ready to say the husband is not bound by a note given by the wife with his assent as the evidence of a debt of the community.

Viewing, then, the contract as the joint and several one of the husband and wife, and the wife having pleaded the general issue, *i. e.* denied all the facts alleged; and among others,

that the consideration of the contract was received *to her own* use and benefit, we have sought in vain for any evidence of this circumstance—for in such a contract the wife is not bound, if the consideration of the contract be not for her separate advantage, and not something which the husband was bound to furnish her with.

The plaintiff's counsel presents this evidence in the circumstance of the wife having received the check and endorsed it, and the check having been paid in bank.

To give the plaintiff all the benefit of the verdict, we have considered it proven that the wife actually received the money. Is this evidence of the consideration of the contract having turned to her separate advantage?

Such is the influence which marital power gives to the husband over the wife, that the law has deemed protection necessary, from its improper exercise, and therefore freed the wife from every obligation resulting from any contract, joint and several, into which she enters with her husband, unless it be proven that its object was her separate advantage. It would be to render this privilege absolutely unavailable, if the circumstance of the money having

passed through her hands, rendered the con-
tract binding on her, without due proof of its
having turned to her separate advantage.
Whenever a husband could influence his wife
to contract jointly and severally with him, he
would have influence enough to induce her to
receive the money or endorse the check.

We, therefore, conclude that the circumstance of the wife having a separate advantage in the contract, being of the essence of her obligation, must be proven by some other evidence than proof of her having touched the money. For, after receiving it, she may have handed it over to her husband, applied it to the wants of the family, employed it in relieving her husband from debts contracted for its support, or even for other purposes.

Her employing it in this manner is quite as probable as her using it in the payment of her debts, or in the repairs of the houses of her separate estate.

Being of opinion that there is no fact in evidence, from which it is possible to infer that the plaintiff's money was employed for the separate use of the wife, in something which the husband was not obliged to furnish her with, we conclude that the wife is not bound. —*Durnford* vs. *Gross & wife*, 7 *Martin* 465·

BRANDEGEE
*vs.*
KERR&WIFE

It is therefore ordered, adjudged and de_ creed that the judgment, so far as it regards the wife, be annulled, avoided and reversed; and as far as it concerns the husband affirmed; and that there be judgment for the wife; the plaintiff and appellee paying costs in this court.

*Hennen* for the plaintiff—*Workman* for the defendants.