Porter, J.
This case is similar in many of its features, to that of Cresse vs. Marigny. 4 Martin, 54, and the decision there settles two questions raised in this—1. That a judicial sale does not in itself transfer the property of a third person, if the proceedings are not otherwise regular, and legally authorise it; and—2. That heirs are not estopped by the warranty decending from their ancestors, unless it is shewn they have accepted their succession.
Another question has been raised, whether the sale was void or voidable;—by the laws of Spain, it appears that minors, whose immovable property was sold without the necessary solemnities being pursued, had two remedies : *490 one against their tutor, called “accion de tutela directa,” for the damages they might have sustained by his fault or neglect; the other against the third possessor, for the object sold. Febrero addicionado, part 2, lib. 3, cap. 3, sec. 2, no. 67, 71. The same choice of action is still open to them in this country.
East’n District.
April, 1821.
It now only remains to consider, whether the formalities required by our law, to render valid the alienation of the property of minors, have been pursued in the case before the court.
Many causes of nullity have been presented, but the opinion I have formed on the first, renders an examination of the others unnecessary.
That the father, under tutor, and minor, being all residents of East Baton Rouge, the proceedings before the court of probates, in New-Orleans, were void, for want of jurisdiction.
An act of the legislature, 3 Martin’s Dig. 132, 17, requires the assent of the judge of the parish, where the minor resides, to make an alienation of his property valid.
The evidence here shews, that the parties were not residents of New-Orleans ; the father, a few days before the sale of the property *491 it is true, made a declaration in this city, that it was his intention to take up his permanent residence here, but the law requires more; a declaration before the judge of the parish, from which the party removes, as well as that where he intends to reside.
Considering, therefore, that the proper domicil of the minor, was in the parish of East Baton Rouge, I am of opinion, that the whole of the proceedings before the court of probates, were coram non judice, and of course void.
I therefore conclude, that the judgment of the district court, be annulled, avoided and reversed, and as the value of the services of the slave sued for does not appear, the case must be remanded, with directions to the judge, to proceed to judgment, considering the sale as null and void, and that the defendant and appellee pay the costs of this appeal.