## PASCAL v. SAUVINET.

A mortgage executed by a husband, under a power of attorney from his wife, who was separated in property, on the paraphernal property of the latter, to secure the re-payment of an amount alleged in the act to have been lent to the husband as her agent, but which was not shown to have been applied to her use, or to have enured to her benefit, cannot be enforced. C. C. 2412. *Per Curiam*: It is incumbent on the party seeking to enforce the contract of a married woman, to show that it enured to her separate advantage.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Train*, for the appellant. Under no circumstances can a wife become surety for her husband. Civ. Code, art. 2412. The form of the contract will be disregarded, if, in point of fact, she turns out to be a mere surety, when she was made to appear in the light of a principal. It is for those who treat with a married woman to be upon their guard, and to see that the obligation she contract, turns to her benefit and advantage. 4 Rob. 510. 7 Mart. 484, 489. 2 Mart. N. S. 44. 5 Ibid. N. S. 431, 454, 528. 7 Ibid, N. S. 64, 252, 341. 8 Ibid, N. S. 692. 587–90. 10 La. 147, 163. Merlin, Repertoire, *verbo* Derogation. 1 Toullier, p. 87 *et seq.* Gomez, ad leges Tauri, 636. Pothier, Obligations, 1st vol. 304, no. 396. Ibid, p. 369. "It is not sufficient to prove that the wife received the money ; it must also be proved that it was for her separate advantage, or for

something which the husband was not bound to furnish her." 7 Mart. N. S. 64. 10 La. 147, 163. "It is for the creditor claiming the performance of a contract with a married woman, to prove that the debt was converted to her benefit." 7 Mart. 484, 489. 5 Ibid, N. S. 54, 57, 527. 7 Ibid. N. S. 64, 341. 10 La. 147. 10 La. 163. 4 Rob. 510, 513.

*Marsondet*, for the defendant.

PASCAL
*v.*
SAUVINET.

The judgment of the court was pronounced by

KING, J. The plaintiff has enjoined the execution of an order of seizure and sale obtained by the defendant, alleging that her consent was never given to the mortgage which is sought to be enforced on her property, and that the mortgage was fraudulently obtained, to secure the payment of a sum of money borrowed by her husband for his own use, no part of which inured to her benefit. The injunction was dissolved in the lower court, and the plaintiff has appealed.

It appears that the plaintiff is separated in property from her husband, and owns the lot of ground seized, in her separate paraphernal right. After the judgment decreeing her separation, she gave to her husband a power of attorney, in which she delegated to him extensive and general powers for the management and administration of her affairs. Two years after the execution of this authority, the husband, professing to act for his principal, made three promissory notes, payable to the defendant, amounting collectively to $1,000, and granted a mortgage on the lot of ground owned by the plaintiff to secure their payment, stating in the act, that the sum was due by his wife in consequence of a loan made to her by the defendant, and which he, as her agent, acknowledged to have received. There is no proof that any part of this loan passed into the hands of the plaintiff, nor that it was applied to her use or turned to her benefit. She was not personally present at the execution of the act, and is not shown to have been aware that the loan had been made, or the mortgage granted; but, on the contrary, it appears from the act itself that the money was paid to the husband, who professed to have received it as the agent of his wife. Previous to the execution of the mortgage, the husband was much embarrassed in his affairs, possessed no visible pecuniary means, and was engaged in [no calling of profit. About the date of the loan he was known to be in the possession of funds, with which he discharged his individual debts.

The wife, whether separated or not in property, cannot become the surety of her husband. Civil Code, art. 2412. Whatever form the contract may be made to assume, its true character may be inquired into, and when it has not turned to her benefit, she will be relieved from the obligation. It has been settled by repeated decisions of the late Supreme Court that, it is incumbent on the party claiming to enforce the contract of a married woman to show that the contract enured to her separate advantage. In the case of *Brandegee* v. *Kerr and wife*, not only was this principle recognised, but it was held that, "the circumstance of the wife having a separate advantage in the contract, being of the essence of her obligation, must be proved by other evidence than proof of her having touched the money." 7 Mart. N. S. 67. 7 Mart. 465. 4 Rob. 510. The record furnishes no proof that the loan accrued to the benefit of the plaintiff. The evidence, on the contrary, renders it more than probable that, the loan and mortgage were both made without her knowledge or consent, and that the money which was received by the husband was applied exclusively to his own use.

It is therefore ordered that the judgment of the Parish Court be reversed. It is further decreed that the injunction obtained in this suit by the plaintiff be made perpetual, and that the defendant pay the costs of both courts.