## J. H. HEALD v. W. P. OWINGS et al.

*The wife, whether separated in property by contract or judgment, or not separated, cannot bind herself for her husband, nor conjointly with him for debts contracted by him before or during the marriage. C. C. 2412.*

APPEAL from the District Court of Natchitoches, *Chaplin*, J. *H. Safford*, for plaintiff and appellant. *J. B. Smith*, for defendants.

SPOFFORD, J. The only controversy here presented, is as to the liability of *Mrs. A. S. Owings*, for an account made out by the plaintiff against her husband and herself jointly.

It is alleged, that she bound herself for the account by a letter to the plaintiff, promising to pay such debts as her husband might contract "for acceptances, advances and supplies for plantation purposes." This letter was written just before instituting a suit against her husband for a separation of property. We concur with the District Judge, that such a promise was within the prohibition of the Article 2412 of the Civil Code.

It does not clearly appear that the debts contracted by her husband enured to her separate advantage, or to the amelioration of her paraphernal estate. The plantation itself was not paraphernal property at the date of the account. Nor does it appear that the items of the account either before or after her petition for a separation of property was filed were for such expenses as she was bound to bear. The cases of *Dickerman* v. *Keagon*, 2 An. 440, and *Daily* v *Pearson*, 5 An. 125, were dissimilar to this in their facts.

Judgment affirmed.