### SAMUEL LEE *v.* MARY J. CAMERON.

The wife, although separated in property from her husband, cannot be made liable on a note signed by her with her husband, which did not enure to her separate benefit.

APPEAL from the District Court of the Parish of Morehouse, *Richardson, J. Newton & Hall*, for plaintiff and appellant. *S. G. Parsons*, for defendant.

VOORHIES, J. The defendant is sued upon two promissory notes, which she signed with her husband, *John D. Cameron*, since deceased. The notes purport on their face to be an obligation *in solido*, the husband and wife promising to pay jointly and severally. At the time of the execution of these notes, the parties were separated in property.

The defence set up is : 1st, a want of consideration ; 2dly, that the consideration did not enure to the benefit of the defendant, but was the husband's contract ; and 3dly, that this was a security debt on the part of the defendant, for the benefit of her husband.

It appears that these notes were given in consideration of a deed of sale, by which the plaintiff's transferror purported to convey to the defendant his improvements on a tract of land belonging to the U. S. Government, and the rights which he had acquired to the land, so as to enable the vendee to complete the title so conveyed by a subsequent entry. The deed stipulates :

" And it is hereby further agreed, and especially understood by and between the same parties, that, in case it should be, from any cause, impracticable for the vendor to execute this agreement so fully as to secure to the said purchaser the possession of the above described North-East quarter of Section No. thirty-four, which is intended to be embraced in the agreement, then, in that case, the amount or sum of eight dollars per acre, for each and every one of said quarter sections, is to be deducted from the amount above recited as the consideration ; and the amount due is to be calculated with reference to this provision, the vendor reserving the vendor's privilege upon all the land herein actually conveyed."

The deed is signed by the vendor and his wife, and also by two subscribing witnesses.

The evidence shows, that the sale was in reality made to the defendant's hus-

band, or at least to both of these parties; for suit was instituted against the husband on the first note, and judgment rendered against him, after deducting certain claims of which he was the owner, and which he plead in compensation. This judgment, it is proper to notice, reserves the right of the transferree of the notes to proceed against the present defendant. On execution, part of the property in question was sold by the Sheriff in satisfaction of this judgment, and adjudicated to her. That is the property upon which she was living then, and continued to live afterwards. It is evident, that this contract has not enured to her benefit, and that the contract of sale was entered in reality between her husband and the vendor. In answer to interrogatories propounded to her, she answers that she signed the notes sued on through the influence of her husband. The course pursued by the opposite party in suing the husband for the whole amount, and levying upon the property sold, indicates that he was the contracting party, and that in reality the sale was made to him. We have no hesitation in saying that the defendant signed these notes as her husband's surety, although the sale purports to have been made to her : the deed of sale was not executed at the same time and place that the wife was prevailed upon to sign the notes ; nor does her signature appear in the deed of sale. It is a matter of no moment, that the parties were at the time separated in property. " The wife, whether separated in property by contract, or by judgment, or not separated, cannot bind herself for her husband, nor conjointly with him, for debts contracted by him before or during marriage. C. C. 2412.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.