## RICE, BROS. & CO. v. MRS. ALEXANDER et als.

The law as it stood in regard to the contracts of married women, previous to the Act of the Legislature of 1855, entitled " an Act to enable married women to contract debts and bind their paraphernal and dotal property," remains unimpaired, with the difference, that a *married woman* taking the benefit of that Act, is placed on the same footing with a *femme sole*, her contract, furnishing full proof against her ; while under the general jurisprudence, those who deal with a married woman, are bound to see that the contract made with her enures to her benefit.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*A. W. Jourdan*, for plaintiffs.    *McCarty* and *V. F. & J. B. Cotton*, for defendants and appellants.

VOORHIES, J.  The plaintiffs are the holders of a promissory note, drawn by *Mrs. Alexander*, payable to herself, and having the blank endorsements of herself and of her husband, *Edward Alexander*.

The evidence shows, that this note, which is now in the hands of third persons, was executed in consideration of certain improvements made on the property of *Mrs. Alexander*, and that the consideration has enured to her benefit. Her defence is, that she was not legally authorized to sign this note, and bind herself for this indebtedness, the formalities of the Act of 1855, relative to the contracts of married women, not having been complied with.

There are, in the record, two bills of exception to rulings of the District Court involving the defence, upon which the appellant, *Mrs. Alexander,* relies for the reversal of the judgment rendered against her.

The construction placed by the appellant on the Act of 1855, enabling married women to contract debts, and bind their paraphernal and dotal property, would have the effect of doing away with the whole of our previous jurisprudence upon the same subject-matter ; whilst the last clause of this statute repeals only such laws, or parts of laws, as are inconsistent with, or contrary to its provisions.  Sess. Acts, 254.

If such a construction were adopted, married women could not transact the ordinary business of their separate estates, without going through the whole forms prescribed by the statute.  Nay, contracts enuring to their benefit, and the advantages of which they might yet be reaping, would be tainted with nullity, as in the present instance.  But the statute is susceptible of a different and more rational interpretation—one not productive of such evil consequences.

It is evident that its object is to extend additional facilities to married women to manage their separate interests, at the same time that it guards and protects them against the undue exercise of marital influence in this respect.  The law,

as it stood previously, remains unimpaired, with this difference : when married women take the benefit of the Act in question, they are placed on the same footing as *femme sole*, and their contracts furnish full proof against them and their heirs, and are as binding in law and equity in all the courts of this State, and have the same effect as if they were *femme sole;* but their contracts, which have not this particular sanction, are to be governed a's ordinary contracts of married women, under the general jurisprudence, and those who deal with them in that manner must see, to their own peril, that the contract enures to their benefit.

Whatever technical objections the appellant might raise against the validity of the instrument, which she has executed in favor of her creditor, and which is now in the hands of innocent holders, need not be considered under the state of facts exhibited by the record. She cannot reap the advantages for which this note was given, and, at the same time, repudiate the contract.

Judgment affirmed.