THE STATE
v.
HOOTEN.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## R. H. DRAUGHON *v.* OCTAVIA A. RYAN.

The wife, whether separated in property by contract or by judgment, or not separated, cannot bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage. C. C. 2412.

Where from the evidence it appears that a note was not given for the improvement or benefit of the paraphernal property of the wife, but simply to enable the husband to work a plantation which did not belong to her—*Held* : That the debt is a community obligation.

The circumstance that the husband had no separate property of his own, does not create an obligation on the part of the wife to satisfy such a claim. See *Bartington, Adm'r*, v. *A. Bradley*, *infra* page 310.

APPEAL from the District Court of East Feliciana, *McVea*, J.
*McVea & Hunter*, for plaintiff. *R. J. Bowman*, for defendant and appellant.

DUFFEL, J. This suit is instituted to recover the amount of the following note with interest and attorney's fees:

"Clinton, March 4th, 1858. On the 1st day of December next we promise to pay to the order of R. H. Draughon, the sum of four hundred dollars, with interest at the rate of eight per cent. per annum from maturity till paid, for value received. (Signed) Octavia A. Ryan, J. A. Ryan. (Paraphed) *Ne varietur* March 4th 1858, James C. Jackson, Recorder."

On the same day, the said defendant and her husband, J. A. Ryan, since deceased, gave jointly to the plaintiff, a special mortgage on the slaves Polly, Till and Andrews, to secure the payment of the said note, of all supplies to be made in 1858, acceptances, commission and interest, and in case of suit to coerce payment, five per cent. attorney's fees, the whole liability not to exceed $800.

It was admitted on the trial below that all the property in the possession of the defendant and her husband at the date of the act consisted of slaves who were the separate property of the wife; and it was further admitted "that O. O. Coff, were he on the stand under oath, would state that the amount of the note was furnished them in plantation supplies and advances for the benefit of the plantation, upon which the slaves of defendant were worked during the year 1858, a part for rent and a part for necessary supplies. The place was rented from a third party by her husband."

The District Judge, on the above evidence, rendered judgment against the defendant, for the amount of the note with interest, and 5 per cent. as attorney's fees, on the amount of the judgment, and made the mortgage executory to satisfy the judgment.

It is evident that the note, on its face, is a debt of the husband, or of the community, for which, as such, the defendant cannot be held responsible. C. C. 2412.

It is equally clear, from the evidence, that the note was not given for the improvement, or benefit, of the paraphernal property of the wife, but simply to enable the husband to work a plantation which did not belong to the defendant; hence the string of authorities cited by the appellee on this branch of the case have no application; whence we conclude that the debt is a community obligation. C. C. 2373; *Moussier* v. *Zunts*, 14 An. 15; *Lee* v. *Cameron*, 14 An. 700.

The circumstance that the husband had no separate property of his own, does not, under the state of facts of the present case, create an obligation on the part of the defendant, to satisfy the claim set up by the plaintiff. *Lobit & Charpentier* v. *C Harman et al.* 13 An. 593.

For the reasons assigned, it is ordered and decreed, that the judgment of the District Court be avoided and reversed, and that the defendant have judgment with costs in both courts.

VOORHIES, J., absent.