## No. 6135.

MRS. MARY B. LOCKE, WIFE OF A. MAUREAU vs. LAFITTE, DUFILHO & CO., ACTING FOR MARMILLION.

The defendant, Marmillion, who parted with his money and acquired the mortgage note, executed under the authorization of the judge of the Second District Court, and which plaintiff prays to be declared null and void and returned to her, must be protected in his rights, and the objection set up by said plaintiff to the certificate that the judge did not state therein that he had examined her separate and apart from her husband, can not avail.

The certificate of the judge was authority for drawing the act of mortgage, and although it does not state that he examined the plaintiff separate and apart from her husband, the presumption is he did his duty, that he examined her separate and apart from her husband as required by law, Hence the obligation of the plaintiff is valid.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier,* J. *Breaux, Fenner & Hall,* for plaintiff and appellee. *J. L. Tissot,* for defendant and appellant.

WYLY, J. Plaintiff, a married woman, sues the defendants, the holders of her mortgage note, to have the same decreed void and returned to her, on the ground that she executed the same under marital influence, and that the loan of money obtained thereon did not inure to her separate benefit, but said money was used by her husband for his own purposes.

Defendant, Marmillion, discounted the note and acquired it for value before due.

The mortgage was granted on the authorization of the judge of the Second District Court, his certificate reciting that " said lady having been by me examined touching the object for which said debt is to be contracted, and she having satisfied me that the same is for her separate advantage and benefit, I do by these presents grant my sanction," etc.

We think that the defendant Marmillion, who parted with his money and acquired the mortgage note executed under the authorization of the judge as aforesaid, should be protected in his rights, and that the objection set up to the certificate, that the judge did not state therein that he had examined the plaintiff separate and apart from her husband, can not avail. The certificate of the judge was authority for drawing the act of mortgage, and although it does not state that he examined the plaintiff separate and apart from her husband, the presumption is he did his duty; that he examined her separate and apart from her husband, as required by article 127 of the Revised Code. Whether he did or not, the defendant parted with his money when he discounted the note on the faith of the mortgage executed under a valid authorization of the judge, and his rights must be protected. 26 An. 418.

It is therefore ordered that the judgment herein be annulled, and it is decreed that the mortgage note herein is a valid obligation of the plaintiff, and that plaintiff's demand be rejected, with costs of both courts.

Rehearing refused.