Mrs. Mason Pilcher vs. Pugh and Schwartz.

## No. 6213.

### MRS. MASON PILCHER VS. WALTER PUGH AND LOUIS SCHWARTZ.

Plaintiff, a married woman separate in property from her husband, brings this suit claiming title to a certain piece of property seized and sold under execution. She sets up the mortgage under which it was sold, but she says that the debt contracted and the mortgage executed by her were null and void and in no manner binding on her. The pretensions of plaintiff are not well founded.

The application made by plaintiff to the district judge to authorize her to borrow money was made in conformity with the requirements of the law.

The judge's certificate shows that the formalities required by the law, as to her having been examined separate and apart from her husband, are in due form. The act of mortgage was duly and properly executed.

The proceedings, as they appear of record, would show to any one interested therein, that the plaintiff was authorized both by the district judge and her husband to contract the obligations and grant the mortgage which were executed.

The holder of the mortgage notes, as aforesaid given by her, was authorized to enforce their payment at maturity, and the proceedings under which this enforcement took place were regular and legal. The sale made thereunder was in due form and conveyed title to the property sold.

The plaintiff can not, in the absence of any allegation or proof of fraud as against the defendants, set up the falsity of her own allegations in the petition which she presented to the judge to be authorized to contract the debt which has resulted in the sale of her property, or to establish, as against these defendants, that the certificate of the judge upon her application was false, or to show that the money which she borrowed was not used for her own benefit.

All which was necessary for the holder of the obligations to know under such circumstances was, that the requirements of the law have been complied with. This has been done.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. George L. Bright* and *David N. Barrow,* for plaintiff and appellant. *Semmes & Mott* and *Johnson & Denis,* for Walter Pugh, defendant and appellant. *Buck & Dinkelspiel & Braughn,* for Louis Schwartz, defendant and appellant.

MORGAN, J. On the tenth of April, 1871, Mrs. Pilcher, the plaintiff, who was then, as she alleged, separate in property from her husband by judgment of a competent court, presented a petition to the judge of the Sixth District Court of New Orleans, in which she represented that she had contracted for the purchase of a sugar plantation in the parish of St. Mary, and that, for the purpose of making a payment on the same, and for the use and benefit thereof, and for her individual use, benefit, and necessities, and not for the use, benefit, or advantage, in whole or in part, of her husband, she desired to be authorized to borrow the sum of ten thousand dollars, and to secure the loan which she proposed to negotiate on a certain parcel of land, with all the buildings and improvements thereon, the same being her separate property, being the square bounded by Levee, Tchoupitoulas, Arabella, and Joseph streets, in the Sixth District of New Orleans.

Upon this petition the district judge certified that he had examined the petitioner separate and apart from her husband touching the objects.

for which the money mentioned in her petition was sought to be borrowed, and the notes and mortgage to be executed, and being satisfied that the allegations of the petition were true, and that the notes and mortgage were to be used solely for the separate advantage and use of the petitioner and for the benefit of her separate property, and intended in no way to pay her husband's debts or for his benefit or advantage, or for the benefit of his separate estate, or of the community between herself and her husband, if any existed, authorized her to borrow the said sum of ten thousand dollars, and to execute the notes and mortgage prayed for before any notary public in the State of Louisiana.

Thereupon, on the eleventh of April, 1871, the plaintiff went before Theo. Guyol, a notary public of this city, and there made her notes for ten thousand dollars, payable eleven and twelve months after date, and executed a mortgage upon the property above described to secure their payment.

The act recites that "she is duly assisted and authorized by her husband, and, moreover, empowered to act in the premises by the judge of the Sixth District Court for the parish of Orleans, whose certificate to that effect, under date of the tenth day of the present month, is hereunto annexed."

Walter Pugh became the owner of these notes. They were not paid at maturity. He caused executory process to issue thereon. The property mortgaged was seized, due notice thereof was given to the mortgagee, no objections were made to the proceedings, and it was sold by the sheriff after the requirements of the law had been complied with. At the sheriff's sale Louis Schwartz became the purchaser.

Plaintiff brings this suit claiming title to the property above described. She sets up the mortgage under which it was sold, but she says that the debt contracted and the mortgage executed by her were null and void and in no manner binding upon her because—

First—The debt for which the notes were given and the mortgage executed, was not her debt, but was the debt of her husband, who received and used the money obtained on them to pay his debts, and that the mortgage was executed solely to secure the debt of her husband; and

Second—That she was never legally authorized to execute the mortgage; that the certificate of the judge recited therein, in so far as it states that she appeared in person before the judge and was examined by him, is false.

We find that the application made by the plaintiff to the district judge to authorize her to borrow money was made in conformity with the requirements of the law; that his certificate shows that the formalities required by the law as to her having been examined separate and apart from her husband are in due form; that the act of mortgage was duly

and properly executed; that these proceedings, as they appear of record, would show to any one interested therein that the plaintiff was authorized both by the district judge and her husband to contract the obligations and grant the mortgage therein executed; that the holder of these notes, so as aforesaid given by her, was authorized to enforce their payment at maturity; that the proceedings under which this enforcement took place were regular and legal; that the sale made thereunder was in due form and conveyed title to the property sold; and that the plaintiff can not, in the absence of any allegation or proof of fraud as against the defendants, set up the falsity of her own allegations in the petition which she presented to the judge to be authorized to contract the debt which has resulted in the sale of her property, or to establish, as against these defendants, that the certificate of the judge upon her application was false, or to show that the money which she borrowed was not used for her own benefit. All, in our opinion, which the holder of the note under such circumstances had to know is that the requirements of the law have been complied with. And in this case we think they were.

It is therefore ordered that the judgment of the district court be affirmed with costs.

Rehearing refused.