No. 8000.

ALDEN McLELLAN vs. MRS. SARAH B. DANE.

There is no law in this State which forbids the husband to bind himself for debts contracted by his wife.

Evidence is not admissible to show that the money borrowed by a married woman, under the proper judicial authority, was received and used by the husband in his own affairs.

APPEAL from the Third District Court, parish of Orleans.    *Monroe*, J.

Breaux & Hall for Plaintiff and Appellee.

First—When admissible to *contradict* her judicial admissions and notarial allegations, the simple oral denial by a married woman of their truth is not sufficient to destroy these admissions and allegations. 25 An. 597

Second—Money resulting from a wife's mortgage of her paraphernal property may be given by her to her husband without invalidating that mortgage, because : 1st.    He can lawfully administer it.    O. C. C. 2361-2 ; 2375-6 ; 18 La. 431 ; 6 R. 41 ; 14 An. 281 ; 4 N. S. 404 ; 16 An. 145 ; 18 An. 106, 588 ; 31 An. 736 ; and 2d. The only effect of such disposition, as provided by the Code, is to give her a legal mortgage on his property for its reimbursement.    R. C. C. 2390, (2367) ; 26 An. 325.

Third—A married woman who gives a mortgage based upon the judge's certificate, as prescribed in the acts of 1855, R. C. C. 126 *et seq.*, is placed on the same footing as a *femme sole,* and cannot contradict the averments and recitals of that act by parol, except on allegation of fraud.    *Vide* 22 An. 90 ; 26 An. 263, 401, 418, 737 ; 28 An. 233, 494 ; 29 An. 125, 333 ; 30 An. 292, 779, 940 ; 31 An. 734 ; Henry vs. Gauthreaux, 32 An.

Fourth—The certificate of the judge need not describe the property to

77

be mortgaged, nor recite the wife's purpose. Henry vs. Gauthreaux, 32 An.

Fifth—A wife may bind herself conjointly with her husband, provided it be not *for his debt.* R. C.-C. 2398, (2412).

Sixth—Force, fraud or threats used to induce the wife's obligation are without effect as to tnird persons in good faith and not party to them. 26 An. 419 ; 28 An. 496, 232, 418 ; 30 An. p. 293 ; 31 An. 834 ; Henry vs. Gauthreaux, 32 An.

Seventh—A married woman is estopped and bound by her frauds. 29 An. 335 ; 2 An. 1 ; 6 An. 56 ; 10 An. 433 ; 6 H. 228 ; *Vide* 30 An. 789 ; Henry vs. Gauthreaux, 32 An.

Eighth—The husband may be surety for his wife's debt. 29 An. 753.

Ninth—Husband and wife may bind themselves *in solido* with each other. 2 N. S. 39 ; 5 N. S. 431 ; 7 N. S. 251 ; 4 Rob. 510 ; 17 An. 233 ; 30 An. 811 ; Journal du Palais, 7 Sept., 1814, Monin vs. Bonnot.

Tenth—In an obligation *in solido* there are as many *distinct* obligations as there are debtors. Duranton, vol. 2, sec. 216.

Eleventh—As between debtors *in solido* the law divides the debt into *equal* parts. Journal du Palais, *verbo* Oblig. Solid., p. 768, No. 119.

Joseph P. Hornor and Francis W. Baker for Defendant and Appellant.

First—The certificate of a judge to a married woman, to authorize her to borrow money or contract a debt, and to mortgage her separate property to secure it, should specify the purpose for which the money is to be borrowed or the debt contracted, and indicate the property to be mortgaged.

Second—If the note or act of mortgage shows that the money was borrowed, or the debt contracted for a different purpose than that authorized by the judge's certificate, the authorization has no effect.

Third—When money has been borrowed, or a debt contracted for a different purpose than that authorized by the certificate, as appears by the note and act of mortgage, the creditor must prove *aliunde* that the same inured to her sole and separate benefit, or to that of her separate property.

Fourth—The act of 1855, (articles 126, 127, 128, of the Civil Code), were made for the protection of married women, and when the authorization was in form of law, and the money borrowed or the debt contracted, and the mortgage was in conformity to the authorization, it had the effect only of shifting the burden of proof from the creditor to the married woman attacking.

Fifth—A married woman cannot bind herself nor her separate property

for her husband, nor conjointly with him, for debts contracted during marriage.

·The opinion of the Court was delivered by

Poché, J.  Defendant has enjoined the sale of her separate property seized under executory process by plaintiff as holder of her note secured by mortgage on the property seized.  She alleges that the note and mortgage were obtained from her by unlawful means, under the influence of her husband, who received the money, which was the consideration of the note and mortgage, and that the latter were, therefore, without consideration as to herself ; and she further alleges that plaintiff is not the owner of the note for valuable consideration before maturity, and is liable to all the defenses which could be urged against the original mortgage.

In his answer to the petition for injunction, plaintiff changed his proceedings from the *via executiva* into the *via ordinaria;* and defendant has taken the present appeal from the judgment of the lower court dissolving her injunction and recognizing plaintiff's mortgage rights.

The record shows that plaintiff did acquire the note for valuable consideration, and before maturity, and that he has no knowledge of the original transactions beyond that which is imparted by the note and the act of mortgage.

It further appears that the wife had been authorized to mortgage her separate property in order to secure the loan which she made, by the certificate of a competent judge, issued after examination, as required by the law of 1855, now articles 127 and 128 of the Civil Code.

But it also appears that the note was subscribed by herself and her husband conjointly, and *in solido,* and from this defendant argues that the act of mortgage was not made to conform with the judge's authorization, and therefore stands, to all intents and purposes, as though made without such authorization.

While the law is peremptory in its prohibition to the wife to bind herself conjointly with her husband for debts contracted by him, we know of no authority, and have been referred to none, which prohibits the husband from binding himself for debts contracted by his wife.

In this case the act is expressly made under the authorization of the judge, for an amount equivalent, less interest and discount, to the loan authorized by him ; the check, representing the money borrowed, was made in favor of the wife, who endorsed the same, and received the money which it called for ; and to require more from the lender in such cases would be to defeat the very object of the law, which authorizes married women to borrow money and to mortgage their separate property therefor.

Defendant introduced parol testimony to show that the funds thus borrowed were subsequently received by her husband, and by him used for his own purposes, and in his own business; and the evidence was admitted over plaintiff's objections, who reserved his bill of exception. The Court erred, and should have rejected the proffered evidence.

Our jurisprudence is firmly settled on this question, and it is unnecessary to quote authorities in support of the position, that, in the absence of any allegation of fraud against the creditor himself, married women are bound, as all other persons, by their contracts and mortgages executed under proper authorization, as required by the law of 1855 (C. C. 127, 128), and cannot be allowed by parol testimony to attempt to disprove the certificate of the judge and their own authentic declarations in acts of mortgages. Nor will the law authorize the inquiry into the subsequent disposition made of the funds borrowed by married women, when properly authorized thereto. The law does not, and cannot, confer upon the lender in such circumstances the power and authority to watch over and control the acts of the married woman who has borrowed money from him, so as to prevent the improper use of the same.

Defendant must be held in the manner that she legally bound herself.

We see no error in the judgment appealed from, and it is, therefore affirmed with costs.

Justice Fenner, having been of counsel, recuses himself in this case.