Dougherty vs. Insurance Company.

## No. 8610.

### MRS. C. DOUGHERTY VS. THE HIBERNIA INSURANCE COMPANY.

The Judge of the late Second District Court for the Parish of Orleans was competent to exercise the functions of authorizing married women to contract loans, etc., under C. C. Arts. 126, 127, 128.

It is now settled that in loans made under such judicial authorization, the lender is not bound to look behind the Judge's certificate, and is not concerned with the actual use to which the money loaned to the wife is put.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*E. C. Kelly* and *Albert Voorhies* for Plaintiff and Appellant:

1. A married woman cannot mortgage her property for a loan made in her name, but in reality for her husband.
2. The burden of proof is on the creditors to show that the contract enured to the benefit of the wife, unless they exhibit strict compliance with C. C. Arts. 126–128.
3. The Second District Court had no other but probate jurisdiction. Its Judge could not authorize a married woman to borrow money.
4. Under C. C. 2229 (2226) a legal tender is not required as a condition precedent to bring the action of nullity or rescission.

*T. Gilmore & Sons* for Defendant and Appellee:

1. A married woman authorized by certificate of the Judge (R. C. C. Arts. 127, 128), must allege fraud on the part of the creditor or complicity in the unlawful acts of the husband before she can be permitted to question the mortgage. The lender is not bound to look beyond the Judge's certificate, on faith of which he contracts. 15 An. 54 ; 28 An. 494 ; 32 An. 1197 ; Ib. 1103.
2. The wife, separate in property and authorized by the husband, is bound on a contract affecting her separate property without proof that it enured to her individual benefit. 33 An. 1168 ; R. C. C. 2436.
3. Where the wife denies having received the money, she will be estopped from attacking the sale on other grounds.

The opinion of the Court was delivered by

FENNER, J. Plaintiff, a married woman, sues to annul a judicial sale of her property made in foreclosure of a mortgage granted by her to defendant, under the authorization of the Judge of the late Second District Court for the Parish of Orleans, acting under Sections 1713, 1714 and 1715 of the Revised Statutes (C. C. 126, 127, 128). The pivotal foundation of plaintiff's case rests in the proposition that the Judge of the Second District Court, which was a court of limited powers, had no jurisdiction to exercise the powers conferred by the law referred to.

This point is disposed of, adversely to plaintiff, by the authority of Rainey vs. Massey, 26 An. 232, which is fully in point and satisfactory in principle.

*Sublato fundamento, cadit opus.*

Objections founded on the irregularity of the proceedings before the Judge, and on the use made of the money loaned and the like, in absence of fraud or complicity on the part of the lender, have no force.

The jurisprudence is now well settled that, in such case, the lender is not bound to look behind the Judge's certificate, and is not concerned as to the actual use made of the money after it is paid to the wife, or according to her directions. Pilcher vs. Pugh, 28 An. 494; McLellan vs. Dane, 32 An. 1197 ; Henry vs. Gauthreaux, Ib. 1103.

Judgment affirmed.