No. 12,286.

### A. L. JOHNSON VS. A. O. PESSOU.

The wife borrowed an amount avowedly at the time for her use and benefit.

She obtained a certificate from a competent judge, authorizing her to borrow the amount and executed a mortgage.

Evidence that the sum was subsequently received from her by her husband and used in his business will not invalidate the mortgage given to secure its payment.

The plaintiff became the mortgagee's transferee of the note secured by mortgage.

Subsequently, the wife, to pay this mortgage and obtain an additional amount as a loan, sold the property mortgaged.

The vendee executed notes in payment. They were taken by the plaintiff in exchange with this vendee for the notes he, the plaintiff, held.

The vendee of this property afterward sold it to the husband.

The plaintiff made a second exchange, viz.: the notes he held for those of the husband, secured by vendor's privilege on the property.

These sales and mortgages were made and executed in due course of business, without any intimation of marital influence or wrong of any kind.

The action was to compel an adjudicatee to take title.

The wife called in the suit, in her answer pleads that she has no interest in the property.

The plea is sustained by the proof.

Third persons, in good faith, without notice who acquire rights in property thus transferred are entitled to recover the amount legitimately advanced.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Dinkelspiel & Hart* for Plaintiff in Rule, Appellee.

*John Dymond, Jr.,* and *Branch K. Miller* for H. B. Stevens, Defendant in Rule, Appellant.

Argued and submitted December 16, 1896.
Opinion handed down January 4, 1897.
Rehearing refused January 18, 1897.

The opinion of the court was delivered by

BREAUX, J. The plaintiff sued out a rule upon H. B. Stevens, adjudicatee, to compel him to show cause why he should not comply with his bid and take title to the property seized and adjudicated to him in the executory proceeding in the case of the defendant in rule against A. O. Pessou, mortgage debtor.

The defendant in rule admits to have purchased the property, but represents that the title is not such title as he can be made to accept.

The property was acquired by Mrs. Carrie C. Newsom, wife of A. O. Pessou, from John McGraw. In the act of purchase she declared that she was separate in property from her husband, A. O. Pessou, and that the purchase was made with her own separate funds.

Subsequently she mortgaged it (after having obtained an order of one of the judges of the District Court, sanctioning the mortgage) to the extent of thirty-five hundred dollars, to a Mr. McQuade.

This was followed, some time after, by a sale to E. F. Henderson, for the sum of nine thousand dollars. In the act it is declared that twenty-five hundred dollars of the purchase price was paid, cash, and that the balance of the purchase price was represented by four promissory notes.

A. L. Johnson, the defendant in rule, acquired these mortgage notes.

It is also a part of the history of the case that subsequently E. F. Henderson transferred the property to A. O. Pessou, husband, for one hundred dollars in cash and seven thousand five hundred dollars in notes, which A. L. Johnson received in exchange for the notes he held, executed under the act of sale to E. F. Henderson, and at the same time he became the owner of an additional note representing the purchase issued by Pessou.

The defence of the defendant in rule is that the sale by Mrs. Pessou to Henderson was a disguised mortgage for the purpose of binding the wife's property for the payment of the debts of the husband and that the sale of the property by Henderson and Pessou was made for the purpose of transferring to the husband the property of the wife by the substitution and intervention of a third person contrary to a prohibitory law.

Further, that A. L. Johnson, holder of the mortgage notes, was well aware of all the acts and circumstances connected with each of the sales, and that he well knew from the first the purposes for which these sales were made and the notes executed.

In conformity with the prayer of the defendant in rule in the answer, Mr. and Mrs. Pessou were made parties to the proceeding.

No claim to the property is made in their answer. On the contrary, they aver that the sale made by Mrs. Pessou to E. F. Henderson was a legitimate *bona fide* sale, and that by the sale she lost all interest in the property and has not acquired any since; that the net proceeds were paid to her and disposed of by her; that she had never heard of the plaintiff prior to the rule filed in this case and does not know him.

The judgment was rendered in favor of the plaintiff in rule. The defendant in rule prosecutes this appeal.

The first amount, viz.: three thousand five hundred dollars, borrowed by the wife, was borrowed, we have seen, from McQuade, and a mortgage was executed after the requisite certificates had been issued authorizing the loan. The amount was received by her at the time the mortgage was executed. There is nothing in the evidence to indicate that it was the wife's intention, in borrowing the money, to apply it to the payment of the husband's debts.

Judicial authority to the wife, to make the mortgage, having been previously obtained, it was incumbent upon her, or upon those who invoke her right, to prove that it was well known to the mortgagee that her purpose was, in borrowing the money, to borrow it for the use of the husband. The mortgage furnishes full proof against her. The evidence utterly fails to show that the money she admits she received was borrowed with the knowledge of the mortgagee for the use of the husband. It was not incumbent upon the plaintiff to prove that this loan enured to her benefit. Darling vs. Lehman, Abraham & Co., 35 An. 886, 889.

To this point there was no ground for argument. The testimony regarding this loan to the wife was clear and direct.

If the borrower, after the loan had been effected, changed her original intention as expressed at the time she obtained the certificate of the judge authorizing her to borrow, and handed the amount borrowed to her husband, to be applied to his use and benefit, in law and justice we think the lender's right should remain unaffected.

The plaintiffs loaned an amount to pay this indebtedness. One who loans a sum to pay a claim legitimately due to the extent of the amount loaned for the purpose, it must be held that there was ample consideration.

With reference to the remainder due by the wife, it became merged with the amount of her indebtedness incurred in paying the McQuade mortgage, in this wise:

She sold the property for the purpose of creating a vendor's lien, and to enable her to borrow the amount desired, and not with the intention, as alleged in the answer of the defendant in the rule (Stevens), of "transferring title from the wife to the husband by the substitution and intervention of a third party."

This sale was made for the avowed purpose of obtaining a loan. The notes representing the price were transferred to the plaintiff in due course of business. The evidence, in our appreciation, does not reveal that the plaintiff was guilty of negligence or that he had knowledge of the existence of irregularities warning him against the investment.

Paraphernal property is alienable. It results that the obligations validly contracted by the wife during marriage may be secured upon paraphernal property.

The amount for the notes representing the purchase was handed to her by the notary. We are informed by the testimony that it was for the wife's benefit, and that as to the plaintiff, he did not know that the property belonged to Mrs. Pessou.

Stress is laid upon the fact that small amounts were paid by the husband, who was the debtor to the plaintiff, and at the date of the first sale a small amount was paid to Henderson, who became the purchaser, to enable the wife to borrow the amount she borrowed. The testimony does not prove that these small amounts were paid from the sums borrowed by the wife. There is no testimony before us of the husband's insolvency. As between the husband and wife

Johnson vs. Pessou.

such payments may be made from the latter's money without vitiating her contract, particularly when nothing indicates that the creditors knew that it was her money they were receiving.

The plaintiff, the statement of facts discloses, acquired the second set of notes, and surrendered therefor the first set; the second were executed by A. G. Pessou, who bought from Henderson.

They are the notes secured by the foreclosed mortgage, which resulted in the adjudication of the property to the defendant in rule.

Impressed by the argument of his counsel we paused at this point. It was only after careful attention we concluded that as to the third person in good faith the incumbrance on the property remains.

It must be conceded that the wife may sell her property.

Should it in the course of regular business transactions be acquired by the husband, third persons who have acquired rights on the property, in good faith without notice, should not be made to suffer.

The evidence does not reveal that a name was interposed as vendee of the wife in order to enable the husband to divest her of her title.   The evidence does disclose that a sale was made by the wife in order that she might borrow money, and to that end offer as security notes with vendor's privilege.

The wife was called in this suit.  In her answer she alleges that she has no interest in the property.  The evidence sustains the verity of the answer.

The negligence of the plaintiff as charged by the adjudicatee, defendant (i. e., the defendant in rule, Stevens), and the warning it is urged was given by the paraph ne varietur on the notes are not as grave and serious as they appear at first blush.

The failure to examine the record under the circumstances was not of paramount importance.

In addition, confidence is not necessarily negligence.

Complicity of some sort, or notice of some kind of an actual or constructive wrong is required in order that one may be thereby affected in his rights.

The sole remaining queston is whether nine hundred and sixty dollars paid to the sheriff should be credited in the judgment.

We think it should, and to that extent the judgment appealed from is amended.

It is therefore ordered, adjudged and decreed that the judgment
8

appealed from is amended by allowing a credit of nine hundred and sixty dollars.

As amended the judgment is affirmed at appellee's costs in this court.