(48 South. 564.)

No. 17,069.

JOSEPHSON v. POWERS et al.

(Jan. 18, 1909.   Rehearing Denied March 1, 1909.)

HUSBAND AND WIFE (§ 171*)—MORTGAGE OF WIFE'S PROPERTY—RIGHTS OF HOLDER OF NOTE.

Where a married woman, authorized by her husband, presents, to a competent court a sworn petition alleging that she desires to borrow money for her separate benefit and to mortgage her property to secure the debt, and, being examined by the judge out of the presence of her husband, is authorized to contract the debt and execute the mortgage, the holder of the mortgage note, made by her pursuant to such authority, who acquires the same in good faith, for value, before maturity, and with no information as to the actual use to be made of the money furnished by him, is entitled to full protection.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 171.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action between Pauline Josephson and Caroline Powers and Ira Powers. From the judgment, Caroline Powers appeals. Affirmed.

See, also, 121 La. 28, 46 South. 44, 121 La. 190, 46 South. 206.

Thomas Bulwer Walker and Benjamin Yehil Wolf, for appellant. Benjamin Ory and Solomon Wolff, for appellee.

MONROE, J. Defendant, having enjoined the execution of a writ of seizure and sale, has appealed from a judgment dissolving the injunction and dismissing her suit.

The facts are that, being a married woman, she on June 5, 1906, with the authorization of her husband, presented to the civil district court a sworn petition, alleging that she desired to borrow $3,500 for her separate benefit, and to secure the same by mortgaging her paraphernal property, and that, being thereafter examined by the judge apart from her husband, she was authorized to contract the debt and execute the mort- gage, the judge certifying that he had, "by her declaration, made on oath, ascertained to my [his] satisfaction that the sum of $3,500, which the said Mistress Caroline Powers desires to borrow, is not for her husband's debt, or his separate advantage, or the benefit of his separate estate, or for the community, but that the same is solely for her separate advantage," etc.

Armed with this certificate and authorization, she executed a note for $3,500, secured by mortgage, payable to her own order, and by her indorsed in blank, which a day or two later was sold to the plaintiff (whom the defendant had never met, and who does not appear to have had any knowledge whatever of the purpose for which it was executed) for $3,250 cash. Thereafter some payments were made on account, leaving due, on February 1, 1907, a balance of $3,150, principal and interest, for which the writ of seizure and sale has issued.

In view of these facts, plaintiff, as holder and owner of the note and mortgage, is entitled to full protection, and her rights cannot be prejudiced, even though the money furnished by her was used in payment of a debt due by defendant's husband. Civ. Code, art. 128; Feltus v. Blanchin & Giraud, 26 La. Ann. 401; Mrs. Mary B. Locke, Wife, etc., v. Lafitte, Dufilho & Co., 28 La. Ann. 232; Mrs. Mason Pilcher v. Pugh & Schwartz, 28 La. Ann. 494; Mrs. Sarah A. Blake v. S. O. & T. A. Nelson, 29 La. Ann. 245; Mrs. F. G. Henry v. J. R. A. Gauthreaux, 32 La. Ann. 1103; McLennan v. Dane, 32 La. Ann. 1197; Mrs. C. Dougherty v. Hibernia Ins. Co., 35 La. Ann. 629; Darling v. Lehman, Abraham & Co., 35 La. Ann. 1186; Gibson v. Hitchcock et al., 37 La. Ann. 209; Johnson v. Pessou, 49 La. Ann. 109, 21 South. 177; Berwick, Wife, v. Sheriff, 49 La. Ann. 201, 21 South. 692; Saufley v. Joubert, 51 La. Ann. 1048, 25 South. 934.

The judgment appealed from is accordingly affirmed.