(54 South. 791.)

No. 18,432.

DAYRIES v. LINDSLY et al.

(March 13, 1911. Rehearing Denied April 10, 1911.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE (§ 85*) — MARRIED WOMEN—DEBTS.

A married woman, separate in property, cannot be held on notes as a feme sole unless she has been duly examined as an applicant for a loan and has obtained a certificate from a competent judge.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 336; Dec. Dig. § 85.*]

2. HUSBAND AND WIFE (§ 84*) — NOTE OF MARRIED WOMAN—ENFORCEMENT.

If she has not obtained such a certificate prior to a loan, it is incumbent upon the creditor to prove that the consideration for the notes inured to her separate use and benefit.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 84.*]

3. CERTIFICATE TO MARRIED WOMAN—FAILURE TO OBTAIN—USE OF BORROWED FUNDS.

No such certificate had been issued. Plaintiff did not attempt to prove that she had received and used the funds borrowed.

4. MARRIED WOMAN—NOTES — SIGNATURE OF HUSBAND.

Defendant's husband signed in his own name.

5. BILLS AND NOTES (§ 123*) — NOTES—LIABILITY OF AGENT—SIGNATURE AS AGENT.

Although he added "agent" after his own name, he is personally bound.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 123.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by J. Arthur Dayries against Walter Lindsly and others. Judgment for plaintiff against defendant Walter Lindsly and in favor of defendant L. M. Rougon, and plaintiff appeals. Affirmed.

L. De Poorter and Claiborne & Kearney, for appellant. Lazarus, Michel & Lazarus, for appellee Rougon.

BREAUX, C. J. Plaintiff sued the defendants in solido for judgment in the sum of $8,871.71, and interest at 8 per cent. from dates stated in the petition; also, 10 per cent. fee of attorney.

This suit was brought on four separate notes, transferred by the original payee to plaintiff before maturity, for different amounts aggregating the sum above stated.

The notes were signed by Walter Lindsly, maker, and by him indorsed, and transferred by Mr. Gosserand, original holder and owner.

Mrs. L. M. Rougon, wife of Mr. Walter Lindsly, separate in property from her husband, by judgment of court, appointed her

husband her agent with full power to represent her.

Plaintiff claims that the maker of the notes and indorser, in signing and indorsing them, was the agent of his wife, and that she received full consideration for these notes.

Copy of the power of attorney of the wife given to her husband is in evidence; also, a judgment of separation.

The defendants severed in their defense, and each filed an exception of no cause of action, which the court referred to the merits.

The defendant Mrs. Lindsly, in her answer, reiterated that plaintiff had no cause of action and denied that she ever issued the notes; that they do not on their face disclose any liability on her part. She alleged further that she received no consideration for them; that these notes were unadvisably issued by her husband.

The husband in his answer pleads a general denial.

We take up the issues for decision in inverse order. This may be done, as all of the issues are before us on the merits; that is, the points urged by way of exception are before us on the merits.

We take up in the first place for decision the alleged liability of the defendant Mrs. Lindsly, and, as relates to the facts, in so far as she is concerned, it appears that the original holder received the notes from defendant's husband as her agent.

Plaintiff, before accepting these notes, repaired to the office of the clerk of court and satisfied himself of the regularity of the judgment of separation and of the inscription of the power of attorney, before mentioned.

After having thus satisfied himself, he accepted the notes from the original payee, Gosserand, and became the transferee.

The transferror to plaintiff, it seems, accepted these notes from the husband as the agent of his wife, but he did not know of the purpose of the husband in issuing these notes nor whether the amount realized thereon by him was expended for the use of his wife nor whether the wife knew anything about the notes. He, in fact, did not know what became of the money expended for the notes or anything as to how it was expended.

The wife owns an undivided one-fourth interest in the succession of her father, which is subject to the usufruct of her mother. The record does not disclose whether she has any other property.

1. Plaintiff meets with insuperable objection in attempting to sustain the proposition that the notes are due by the wife.

[2] There is direct judicial authority for holding that a married woman, even though separate in property, is not bound for notes issued by one acting as her agent without proof that the amount inured to her benefit; that the proof just mentioned is a sine qua non in order to hold the wife.

Restrictions have been placed upon the business transactions of the wife.

The article 2412 of the old Code (2398 of the present Code) has a history. It goes back to the Spanish law and is written in the Novissima Recopilacion, 10113. It is traced to the law of Toro.

With slight change, it was incorporated in the act of 1825 (Civ. Code 1825, art. 2412). Bank of Louisiana v. Farrar, 1 La. Ann. 54.

Importance from the first was attached to the necessity, in order to hold the wife liable, of proving that the consideration inured to her benefit. If it was shown that it inured to her benefit, then the contract was binding; not otherwise. Durnford v. Goss & Wife, 7 Mart. (O. S.) 489, margin No. 487.

The prohibitory feature of the law is general; the purpose is the protection of the wife from the influence of the husband.

The lawmaker must have assumed that the latter was not always conservative and that his contracts are not always safe and business like.

Be that as it may, the creditor must show that the contract was for the benefit of the wife. Pascal v. Sauvinet, 1 La. Ann. 428.

In the last-cited decision, the facts are very similar to those in this case. The wife was separate in property; the husband held a general and special power of attorney. He executed notes in the name of his wife as agent; he even granted a mortgage under one of the powers written in the power of attorney. He declared in the act that the sum was due by his wife; that it was a loan to her accepted by him as agent.

Yet, in this case, it was decided that the wife was not liable.

A number of cases are cited in this decision supporting the court's opinion.

See, also, Erwin v. McCalop, 5 La. Ann. 173.

No one can read the decisions as we have upon the subject (there are a number of them prior to the date of the act of 1855 [Acts 1855, No. 200], which authorizes married women to bind themselves by making a declaration before the district court by obtaining a certificate of authorization to mortgage their property) without being thoroughly convinced that the onus of proof is with the creditor.

The act of 1855 is exceptional, and, to the extent that it goes, is controlling.

Under its terms, the burden of proof is shifted. Berwick v. Sheriff, 49 La. Ann. 201, 21 South. 692; Dougherty v. Hibernia Ins. Co., 35 La. Ann. 629.

[1] But, as relates to an indebtedness, not protected by a declaration before the judge and by a certificate, made in accordance with the requirements of article 127, it remained unchanged.

This was directly decided in Rice Brothers & Co. v. Mrs. Alexander, 15 La. Ann. 54.

The language of that decision upon that subject is as plain as it can be.

According to that case, proof of benefit and advantage received by the wife must be made evident.

Subsequently, in another case, the language of the court is equally as clear and direct. It must be shown, the court said, that the debt was for the wife's separate benefit. Hardin v. Wolf & Serf, 29 La. Ann. 333.

Again, in another case, similar, the court said that the proof was with the creditor, as there had been no certificate issued. Patterson v. Fraser, 5 La. Ann. 586.

On this point the following decisions are also pertinent: Heald v. Owings, 12 La. Ann. 725; Lee v. Cameron, 14 La. Ann. 700; Draughon v. Ryan, 16 La. Ann. 309; Kennedy v. Bossiere, 16 La. Ann. 449; City Nat. Bank v. Barrow, 21 La. Ann. 398.

Cormier, Administratrix, v. De Valcourt, 33 La. Ann. 1169, is confidently cited by learned counsel in his argument.

In this Annual (copy owned by the court), in the margin of the page opposite the syllabus, "A married woman, separated in property and administering her own affairs, is liable on her note without proof that it inured to her individual benefit," is written, "Not so," by one of the late brother Justices, whose presence adorned this bench for many years, and with whom the subject which now engages our attention was familiar.

This reference is not in the least authoritative. The writer cannot refrain from mentioning the fact as a mere incident.

We have not found the decision just referred to pertinent for the reason that the expression relied upon by plaintiff's counsel is purely *obiter dictum*. It should have found no place in the decision.

The court decided that the notes were prescribed and upon that ground rejected plaintiff's demand.

None the less, in one sentence, the court assumed that the wife is liable without the proof of benefit received.

Between the unreasonable obiter dictum and a number of well-considered decisions, there can be no hesitation in regard to which of the two should be controlling.

In Miller v. Handy et al., 33 La. Ann. 163, 164, the court, as contended by plaintiff's counsel, held, substantially, that it must appear that the wife had entire charge of her paraphernal property and its administration and that the husband acted as an agent as any third person might act.

Without wishing in the least to criticise this decision, it may be said, on this point, regarding the extent to which it goes, that it has reached the limit. To quote an often used phrase, it may be said of it *ne plus ultra.*

There is a marked difference between the cited case and the present case.

The former, the Miller Case, just above cited, relates to a state of facts which has been taken as proving that the agency was exclusively for the benefit and advantage of the wife.

The latter relates to acts of the husband as agent, not, as far as the record discloses, entirely for the management of the paraphernal property, nor does it appear that they were for her account and benefit.

Decisions of courts, in other jurisdictions have been cited. Those decisions rendered, under a different system of laws, are not in the least persuasive.

2. The second point has been considered and is equally as conclusive against plaintiff's claim. That point is: No obligated principal was disclosed on the notes. There was not the least reference to a principal.

Such notes do not measure up to the standard under the commercial law relating to negotiable instruments.

The rule as relates to negotiable instruments requires certainty as far as obtainable.

The activities of commerce require certainty. Notes and bills are important factors in commercial business. They are couriers without impediments.

Although they are not as important by any means as the treasury notes of the United States or bank bills, they are, none the less, highly useful because of their certainty as representatives of credit in commerce.

If they were to be made uncertain, they would soon be stamped with the words "laggard and uncertain."

A treasury note of the United States or bank bill requiring proof as to who is the principal is something unthinkable.

Usage has sought to make negotiable paper, as to form, as much like the currency of the government as possible.

The authorities are, perhaps, not entirely in accord upon the subject before us for consideration. Some decisions may be quite latitudinarian. The best thought, however, and the most reliable authorities are in favor of strict construction to the end of having a common and satisfactory medium of exchange of values.

Paper should denote on its face who is the responsible party.

We are not dealing here with nonnegotiable paper; plaintiff alleges that the paper he held was negotiable.

It being negotiable, the agent cannot on such paper bind an unknown party by verbal testimony. 9 Meesen & Wesley, 93–96, a well-considered English decision.

In a decision by the Supreme Court of the United States, it was said that the liability of the maker was not changed by descriptive words written on the note nor the character of the notes; that these descriptive words did not prevent them from being commercial instruments.

The court said in that case, on such notes no action will lie against any other persons than those appearing as makers of the notes.

Cragin v. Lovell, 109 U. S. 198, 3 Sup. Ct. 132, 27 L. Ed. 903.

Only one other decision will be referred to upon this point, although there are many others.

That decision is Cortland Wagon Co. v. Lynch (New York Supreme Court) 82 Hun, 173, 31 N. Y. Supp. 325.

In this last-cited case, a number of decisions are cited as sustaining the view expressed in the cited case.

[5] The above-cited case holds that a note signed by a person as agent does not bind another person as principal who is not named in the body of nor in the signing of the note.

Leaving the many decisions, only part of which we have expressly referred to, we take up for brief reference the text-writers upon the subject.

The first writer sustaining the view expressed is Randolph on Commercial Paper, vol. 1, p. 78.

Next the more important work of Story on Bills and Notes, to the same effect (page 76); also, Edwards on Bills, p. 80; the excellent work of Byles on Bills, p. 37.

The subject of promissory notes is treated by Daniel, vol. 1, p. 311. The comparatively recent work of Ogden on Negotiable Instruments, p. 26.

The weight of citations in the different Encyclopedias are to the same effect.

3. Plaintiff's next contention is that the commercial instrument law, adopted in 1904 (No. 64, § 19), is favorable to plaintiff's demand on the notes upon which he has sued.

In this law, it is, substantially, enacted, among other things, that the agent who does not name his principal is not exempt from liability. All that this law provides is that he is not exempted from liability. If anything, it sustains the view before expressed. That is, that the husband who acts as agent of his wife without disclosing on the face of the paper that she is his principal is personally bound.

He being personally bound, the wife cannot be held bound on the notes.

The intent in adopting the negotiable instrument act referred to above was uniformity.

Instead of bringing about uniformity, it would be all to the contrary—a want of uniformity. This state would not be in accord with the other states upon the subject.

Under the law, the husband is liable on these notes. Under the law, the husband incurred the liability, and judgment was properly rendered against him in the district court, and will have to be affirmed on appeal.

For reasons stated, the judgment appealed from is affirmed.

PROVOSTY, J., recused on the ground of relationship with plaintiff.