*LEGGETT vs. PEET & AL.*

The defendant causing a copy of the judgment to be served on the plaintiff, is not such an execution of it, as deprives the former of his appeal.

The plaintiff must make out his title to the instrument sued on, and if the contract by which he acquired it was null and void, it can produce no effect whatever.

Where no objection is made below, to the admissibility of the evidence, the supreme court considers its effect only.

APPEAL from the court of the first district.

This was an attachment sued out by the plaintiff, as endorsee, against the defendants as drawers of a bill of exchange. An attorney was appointed to defend the suit, who pleaded, *first*, that no property had been attatched, and that the court was without jurisdiction; *second*, the general issue; *third*, that the plaintiff took the bill after he knew it was dishonored, and with the knowledge that it was given without consideration.

The facts are substantially these:

Wm. A. Peet, James A. Peet and Munson S. Peet, composed a commercial partnership, doing business in New-Orleans, under the firm of Wm. A. Peet & Co. and in New-York, under the firm of J. & M. Peet & Co. On the 30th March, 1826, Wm. A. Peet & Co. made and delivered to R. & B. McDevitt, a bill of exchange on J. & M. Peet of New-York, ordering the said J. & M. Peet, sixty days after sight, to pay to the said R. & B. McDevitt, $6,000 for value received. J. & M. Peet refused to accept the bill—no protest was made, and it remained in the hands of R. & B. McDevitt until July, 1827. Previous to that time, R. and B. McDevitt had applied in New-York for the benefit of the insolvent laws, and being opposed

Eastern District.
*May*, 1830.

LEGGETT
*vs*
PEET & AL.

by the plaintiff, and other of their creditors on the ground of fraud, were detained in prison. While there, they agreed; that if the plaintiff would withdraw his opposition, they would transfer to him the bill of exchange on J. & M. Peet, which they still held. The plaintiff accordingly withdrew his opposition. R. and B. McDevitt were discharged, and on the 19th of July, 1827, the bill was transferred to the plaintiff. It further appeared, that the bill of exchange was given to R. and B. McDevitt in payment for goods, bought of them by Wm. A. Peet and Co. and that one Prall had brought suit to set aside the sale of the goods from the McDevitts to Wm. A. Peet and Co., on the ground of collusion and fraud.

· This suit of Prall, was pending at the trial of this cause, and the uncertainty of its termination, was urged as an objection to the plantiff's recovery in the present action. The cause was tried by a jury, who returned the following verdict. "We the jury, find for the plaintiff a vercict of thirty-one hundred dollars, and interest from the judicial demand; but we find that Wm. T. Prall commenced suit against Wm. A. Peet and others, No. 7662 of this court, the 10th of July, 1827, if said suit in law,

prevents the recovery of the plaintiff we find for the defendant." On this verdict, the court decreed as follows. It is ordered that judgment be entered in favour of the plaintiff, upon the verdict of the jury, for the sum of $3,100, with costs; subject to this condition, viz: that if the suits referred to in the verdict of the jury, viz: the suits of Prall vs. Willaim A. Peet and others, and Muller vs. Wm. A. Peet and others now pending, shall be determined against said Peet, then this judgment is to be considered as null, and of no effect, and the plaintiff Leggett, in that case, instead of Peet, is to pay the costs of this suit. The plaintiff Leggett, is not to have the benefit of this judgment, before the final decision of the suits aforesaid; this judgment is considered as within the equity of article 2535 of the Civil Code."

From this judgment the defendants appealed.

*Hennen,* for appellants.

1. The demand of plaintiff is illegal, and without consideration.

2. The Judge erred in his charge to the jury.

3. The evidence shows that judgment should be rendered for defendants.

*Preston,* contra.

1. The judgment is made conditional, and dependant upon the suit of Prall vs. Peet and others; and Muller vs. Peet and others In the latter suits, the Peets may confess judgment or compromise, and make a collusive defence. The condition is therefore protestative as to the Peets, and null. C. C. 2029.

2. The jury submitted to the court a mere question of law; whether the suits in their actual state barred plaintiff's recovery or not; this should have been unconditionally decided.

3. The Peets cannot oppose to Leggett as assignee of the McDevitts, the danger of eviction, by Prall and Muller, because they knew that danger at the time of giving the bill of exchange. C. C. art. 2535.

4. The Peets cannot avoid the contract between them and the McDevitts, however fraudulent. C. C. art. 1969.

5. The actions brought by Prall and Muller, on which the judgment is dependant, are prescribed. C. C. art. 1982.

PORTER, J. delivered the opinion of the court. This action is brought against the defendants as drawers of a bill of exchange on J. & M. Peet of New-York. The draft

was payable to R. & B. McDevitt, who endorsed it to the plaintiff. The petition states, that the firms of Peet & Co. in New-Orleans, and J. & M. Peet of New-Yew, were composed of the same persons, viz; of William A. Peet, James A. Peet and Munson S. Peet; and this suit is brought against them all. They are alleged to be absent debtors, and an attachment was prayed for, and granted against their property.

The bill of exchange was dated the 30th of March 1826; and payable sixty days after sight; acceptance was refused by the drawees, J. & M. Peet. There is no allegation of protest, and notice; but the petition avers, that by reason of the non-acceptance, the plaintiffs have become liable to pay the amount of the draft.

The attorney, appointed by the court to defend the suit, pleaded, *first*, that no property had been attached, and the court was without jurisdiction; *second*, the general issue; and *third*, that the plaintiff took the bill after he knew it had been dishonored, and with the knowledge that it was given without consideration.

Eastern District.
*May*, 1830.

LEGGETT
*vs.*
PEET & AL.

From the evidence adduced in the cause, it appears that a suit was commenced, and at the time the trial was pending in which one William T. Prall was plaintiff, and Peet & Co. defendants. In that suit the plaintiff charges the sale made to the defendants by the payee of the note, now sued, to be false, fraudulent and collusive, and he prays for a rescission of it. The pendency of the demand, and the uncertainty of its termination, was offered as an objection against the plaintiff's recovery in the present action; the bill of exchange, on which it is instituted, being given in payment of the property which Prall was endeavoring to recover.

The verdict was in the following words: "We the jury, find for the plaintiff a verdict of thirty-one hundred dollars, with interest from judicial demand; but we find that William T. Prall commenced suit against Wm. A. Peet and others, in this court, the 10th of July, 1827. If said suits in law prevent the recovery by the plaintiff, we find for the defendant."

On this verdict, the court below ordered as follows. "It is ordered that judgment be entered in favour of the plaintiff upon the

verdict of the jury for thirty-one hundred dol-
lars with costs, subject to this condition, viz:
that if the suits referred to in the verdict of the
jury, viz: the suits of *Prall vs. William A.
Peet & al.* and *Muller vs. Peet & al.* now
pending, shall be determined against said
Peet, then this judgment is to be considered
as null and of no effect, and the plaintiff, Leg-
gett, in that case, instead of Peet, is to pay the
costs of the suit. The plaintiff Leggett, is not
to have the benefit of this judgment before the
final decision of the suits aforesaid. This
judgment is considered within the equity of
article 2535 *of the Civil Code.*"

From this judgment the defendants have
taken the present appeal. The plaintiff has
moved to dismiss it on the ground that the
defendants by their acquiescence in the judg-
ment below, have deprived themselves of the
right of appealing; but should this motion
fail, he insists there is no error in the de-
cree of the district court, except to his preju-
dice. The specification of this error is, that
the Judge has made the recovery of the plain-
tiff conditional, on the event of the suit pend-
ing between *Prall & Peet & Co.* when it
should be absolute.

Eastern District.
*May*, 1830.

LEGGETT
vs.
PEET & AL.

Eastern District
*May*, 1830.

LEGGETT
*vs.*
PEET & AL.

The acquiescence in the judgment, by which the defendants have lost the right to appeal, is supposed to result from their having taken out of the clerk's office, and procured to be served on the attorney of the plaintiff, a copy of the judgment rendered in the inferior court.

The 567th article of the Code of Practice provides, that the party against whom judgment has been rendered, cannot appeal "if such judgment has been confessed by him, or if he has acquiesced in the same by executing it voluntarily."

The defendant causing a copy of the judgment to be served on the plaintiff, is not such an execution of it, as deprives the former of his appeal

We do not think the act of the defendants in serving a copy of the judgment on the plaintiff, such an execution of it, as deprives them of the right of appeal. The act should be unequivocal, to authorize a presumption of the abandonment of so important a right. And it is not a voluntary execution of the judgment in this case, because no such obligation was imposed on the defendants. It is different from the case of the party, in whose favour judgment is given, proceeding to execute it. The plaintiff who takes the necessary measures for issuing execution, would perhaps be considered as coming within the

article of the Code of Practice, because he can perform no other act of voluntary execution.

It is proved that the plaintiff in this case took the bill from the payees for a debt they owed to him; but it is also proved that at the time the trasfer was made, they were in prison in New-York, and had applied for the benefit of the insolvent laws of that state. The plaintiff had made opposition to their demand, and charged them with fraud, upon which they proposed to assign to him the note now sued on, if he would withdraw his opposition. He did so; the note was transferred, and the endorsers were discharged.

It is objected that this transaction was null and void by the laws of New-York, and that no right could be acquired under it. The plaintiff insists that it is a matter entirely between him and the endorsers; that the maker of the note has nothing to do with it. Of this opinion was the Judge of the court of the first instance, and so charged the jury. The defendants excepted.

If the act of withdrawing the accusation of fraud, in consequence of receiving the note now sued on, was a relative nullity, the Judge

Eastern District.  below did not err; but if it was an absolute nulli-
*May*, 1830.
ty, he did err.  Because the plaintiff must make
LEGGETT     out his title to the instrument sued on, and if
*vs.*
PEET & AL.  the contract by which he acquired it was

The plaintff  null and void, it can produce no effect
must make out
his title to the in-  whatever.
strument sued on
and if the con-
tract by which he      From an examination of the adjudged cases
acquired it was  in the State of New-York, where the transac-
null and void it
can produce no  tion took place, it appears, that the courts of
effect whatever.
that state, consider all agreements, such as
that proved in this instance, void *ab initio.*
In the case of *Wiggins vs. Bush,* the note
had passed into the hands of a third person;
but the defence was sustained, and the case
did not require a positive opinion whether the
obligation was void or voidable.  The rea-
soning of the court on the subject matter, and
in reference to previous decisions, leaves no
doubt in our minds of the legal character of
the transaction there.  Were we, however, to
admit, that the laws or jurisprudenc of New-
York have not been sufficiently shown to ena-
ble us to pronounce *positively* on the ques-
tion, the case of the plaintiff would not be
strengthened.  We should then be obliged
to have recourse to our own laws, and in this
state there can be no doubt such a contract

is void. The 1887th article of our Code de-
clares, that an obligation with an unlawful
cause, can have no effect. The 1889th arti-
cle says, the cause is illicit when it is for-
bidden by law, or *contra bonos mores.* We
have already expressed our opinion of agree-
ments, such as this, in the case of *Perry vs.
Frilot.* In England and our sister states, the
protection afforded by the law merchant to
the innocent endorsees of negotiable paper,
does not extend to instruments which are null
and void. But this case is free from any con-
sideration of this kind. The note was en-
dorsed long after it came due. The obliga-
tion of the holder to prove that the rights of the
transfer are vested in him, is totally in-
dependant of the commercial law. Uuntil
he does so, he establishes no right in himself,
and he cannot do so by *a void contract;* be-
cause such a contract produces *no effect.* **2,**
*John. Reports,* 386, 4 *Ibid* 410, 9 *Ibid* 295,
12 *Ib.* 306. *La. Code* 1887, 1889, 6 *Mart.
n. s.* 217, 3 *Ib.* 205.

In the state of New-York, there are two
statutes in regard to persons unable or un-
willing to pay their debts; one is entitled
"an act for the relief of debtors, with respect

to the imprisonment of their persons;" the other, "an act for giving relief in cases of insolvency." The counsel for the plaintiff has referred us to several sections of the former law, and argued from them, that as the cession made by the debtor in confinement, was only for the benefit of the creditors who had charged him in execution, there was nothing immoral nor contrary to the policy of the law, in any creditor entering into terms with the person whom he had caused to be imprisoned. It is not necessary for us to say, whether the construction which the counsel has given to the statute be or be not correct. For the evidence shows that the endorsers of the note had applied for the benefit *of the act for insolvents*. And in looking into it, we find it contains the provisions which are common to laws of this description, and that any stipulation of a creditor to withdraw a charge of fraud against the debtor, would be a violation of its policy, fraudulent, and void. The ninth section of this act, provides for the case of persons in custody, and points out the manner a cession of their estate shall be made. *Laws of New-York, vol.* 1, 348, 460.

Objections have been made to the enquiry into the consideration of the endorsement,

because it was not specially pleaded; and it was also urged, that the record should have been produced of the application of the endorsers, for the benefit of the insolvent law. The contract under which the plaintiff claims may perhaps be shown to be void, under the general issue, and the corrupt agreement in this case being matter *en pais,* it is questionable whether it was necessary to produce the record to which it referred. The deposition of a witness, who proved the facts, was taken some time before the trial, and subject to all legal exceptions. But when the case was before the jury, no objection was made to the testimony by which the same matters were established. The case therefore must be decided on the legal effect of the evidence given.

We think the contract, under which the plaintiff claims to stand in the right of the payees of the note, void, and that he cannot maintain an action on it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for defendants with costs in both courts.