## No. 3011.

### A. P. FIELD and JESSE R. PONDER v. W. N. ROGERS et als.

A certain sum was deposited in the hands of Rogers by Mrs. Williams to induce him to sign a bond for the release of her husband, who was prosecuted for the embezzlement of funds belonging to Ponder—which money thus deposited Rogers was to return to her or to her order as soon as he became released from his bond. The prosecution was discontinued, the release from the bond was thereby effected, and an assignment of the funds deposited was made by Mrs. Williams to the plaintiffs, who sued Rogers on his refusal to pay the same.

Such an agreement on the part of the prosecuting witness, one of the plaintiffs, is one which a court of justice should not recognize and enforce. The agreement was that, if the money embezzled should be returned, he would not prosecute the offender. This can not be the basis of an action in a court of justice to compel one of the contracting parties to comply with the contract; and, as set out in the petition, the demand of the counsel of the accused is so connected with this illegal contract, that it can not be granted.

The plaintiffs had a legal remedy by which their civil demand against the defendants could have been enforced. The action here is not against the depositary on the simple assignment of the depositor; for both the depositor and the depositary are sued *in solido*, and the effect of the suit is to enforce the consideration for the discontinuance of the prosecution.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Cotton & Levy*, *William H. Hunt*, for plaintiffs and appellants. *J. R. Beckwith*, for defendant and appellee.

WYLY, J. John L. Williams was convicted of embezzling four thousand dollars from the plaintiff, Jesse R. Ponder. His attorney, A. P. Field, obtained a new trial and an order for his release on a bond for $2500. On the sixth May, 1867, he was released on bond, the defendant, William N. Rogers, going security. In order to get Rogers as security on the bond, Mrs. Williams, the wife of the accused, deposited with him as collateral security $2500 cash. Shortly after his release, Williams left the State, with a view not to appear at the trial and answer to the charge against him. His wife, who remained a few days after he left, was anxious to get the prosecution settled or compromised, Ponder having employed counsel to assist in the prosecution. In order to accomplish the object she was willing to give up the $2500 deposited by her with Rogers, agreeing that whatever remained after settling with Ponder, A. P. Field might retain for his services. She

therefore made the following conditional assignment of her funds in the hands of Rogers:

"NEW ORLEANS, May 14, 1867.

"Mr. W. N. Rogers, Gravier street:

"SIR—Upon your release from the bond in the district court, given there by you for the appearance of my husband to stand his trial, you will pay over to Col. A. P. Field the twenty-five hundred dollars given you by me as collateral security should he fail to appear when called on, and this will be your receipt for the same.

"MRS. C. WILLIAMS."

Rogers was promptly notified of this assignment. Field subsequently effected a compromise with Ponder, agreeing to pay him out of said fund fifteen hundred dollars, and the prosecution was discontinued by the State. Rogers, however, refused to pay over the money, and on August 22, 1867, Field and Ponder brought this suit against him and also Williams and wife. Rogers alone was cited, and for answer pleaded the general issue. Williams and his wife having left the State could not be cited. They are, therefore, not before the court. There was judgment in the court below dismissing their demand as of non-suit, and the plaintiffs have appealed.

From the evidence we are satisfied that Rogers had the twenty-five hundred dollars belonging to Mrs. Williams on deposit at the time he was notified of the conditional assignment of May 14, 1867; and from that moment the funds belonged to the plaintiffs, subject to the condition expressed in said assignment. Edwards v. Daley, 14 An. 384; Marshall v. Morehouse, 14 An. 690; Ayles v. Hawley, 9 An. 362. Therefore on the eleventh July, 1867, when the prosecution against Williams was discontinued, by reason of the compromise with Ponder, Rogers should have delivered the twenty-five hundred dollars to the plaintiffs because the condition, mentioned in the assignment, had happened, he was released from the bond by the discontinuance of the suit.

If Rogers parted with any portion of the funds deposited with him, after notice of the assignment, he did so at his peril. Whether the compromise with Ponder was the compounding of a felony or not, does not concern the defendant, Rogers, who is a mere stakeholder or depositary. Besides, the plea of immorality and other special defenses set up in the brief can not be noticed, the general denial being the only defense he saw fit to plead. Rogers could not, in his pleadings, set up defenses which belong to Williams and his wife; and for a greater reason he can not be heard suggesting them in his behalf.

It is therefore ordered that the judgment herein be annulled, and it is now ordered that the plaintiffs recover of the defendant, William N. Rogers, twenty-five hundred dollars, with five per cent. interest thereon from August 24, 1867, and costs of both courts.

## ON REHEARING.

HOWELL, J. The plaintiffs allege that John L. Williams and his wife, C. Williams, and William N. Rogers are indebted to them, *in solido*, in the sum of $2500, because that said John L. Williams received from the plaintiff, Jesse R. Ponder, of Texas, the sum of $4000, and embezzled the same; that the said Mrs. C. Williams, with the consent of her husband, placed $2500, community property, in the charge of the said Rogers to be returned to Williams or his wife, when he, Rogers, became discharged on the bond of said Williams to appear and stand trial; that Mrs. Williams, with the knowledge of her husband, and in order to defray expenses of defense, etc , placed the whole of said sum at the disposition of plaintiff, Field, and authorized him to collect and pay all the professional services due, and to pay the plaintiff, Ponder, a portion of the sum of $4000, to wit, $1500; that Rogers received a note to this effect from Mrs. C. Williams, and then agreed to pay the same to said Field, knowing that said notice was a transfer from said Williams and wife; that Rogers treated said money as the money of Field, and bound himself to pay his acceptance; that on one occasion he claimed an indemnity of $250 out of said amount; that he now fraudulently retains the same, notwithstanding his said agreement after the service of the notice and before and after his discharge from the bond; and they prayed that all the defendants be cited and condemned *in solido* to pay them $2500 and interest from judicial demand.

J. L. Williams and wife having left the State were not cited, but a general denial was filed in behalf of the defendants, and afterward an amended answer or peremptory exception by Rogers, setting up, among other matters, the inability of the wife to assign community property. There was judgment against the plaintiffs as of nonsuit, and they appealed.

The main facts are that John L. Williams was found guilty of embezzling $4000 belonging to plaintiff Ponder, and upon application of his counsel, A. P. Field, obtained a new trial, and was released from custody upon bond for $2500, signed by William N. Rogers as security, with whom Mrs. C. Williams, the wife, had deposited the sum of $2500 as collateral. Ponder, the prosecuting witness, and Williams, the accused, left the State. Mrs. Williams, on fourteenth May, 1867, gave to Field the following:

"Mr. W. N. Rogers:

"SIR—Upon your release from the bond in the district court, given there by you for the appearance of my husband to stand his trial, you will pay to Colonel A. P. Field the twenty-five hundred dollars given you by me as collateral security should he fail to appear when called on, and this will be your receipt for the same,

"MRS. C. WILLIAMS."

This was presented to Rogers by a witness, who says Rogers accepted it verbally.

On the same day Rogers was called on for a receipt in favor of Mrs. Williams, and he gave the following (in pencil):

"Mrs. Williams—I do not think I am safe in giving a receipt.

"Yours, respectfully, W. N. ROGERS.

"New Orleans, May 14.

"You will find me all right when the thing is settled."

After some consultation between the counsel of Ponder and Williams, Ponder was written to and he answered as follows:

"Millican, Texas, May 31, 1867.

"L. C. Levy, Esq., New Orleans:

"Dear Sir—Yours of twenty-seventh instant is to hand and contents noted. Having left the Williams matter entirely to you, I hope you will continue it to the best advantage possible. Inclosed I hand the letter you requested me to write C. H. Luzenberg, Esq., but wish you to secure, before presenting it, the best compromise possible.

"Hoping to hear from you soon, I am very respectfully,

"J. R. PONDER."

The letter referred to reads:

"Millican, Texas, May 31, 1867.

"C. H. Luzenberg, Esq., District Attorney, Parish of Orleans, La:

"Dear Sir—I will not prosecute John L. Williams further, his friends having proposed to pay back to me a portion of the money I charge him to have embezzled, and I will wait until he can arrange the balance of the amount. I therefore request that you enter *nolle prosequi*, as my testimony alone can convict him, and I will not be in your city again during the year.

"Your obedient servant,

"JESSE R. PONDER."

On producing this in court, the district attorney entered a *nolle prosequi* on eleventh July, 1867, and Williams was discharged from his bond.

We are of opinion that the foregoing shows such an agreement on the part of the prosecuting witness, one of the plaintiffs, as a court of justice should not recognize and enforce. The agreement was that if the money embezzled should be returned, he would not prosecute the offender. This can not be the basis of an action in a court of justice to compel any of the contracting parties to comply; and as set out in the petition, the demand of the counsel of the accused is so connected with this illegal contract that it can not be granted.

The plaintiffs had a legal remedy by which their civil demand against the defendants could have been enforced. The action here is not against the depositary on the simple assignment of the depositor, for both the

depositors and depositary are sued *in solido*, and the effect of the suit
is to enforce the consideration for the discontinuance of the prosecu-
tion of Williams.

It is therefore ordered that our former decree be set aside, and that
the judgment appealed from be affirmed.

----

WYLY, J., *dissenting*. Mrs. Williams deposited with Rogers, the
only party defendant before the court, twenty-five hundred dollars, to
indemnify him from loss in being security on the bond of her husband
to appear and answer to the charge of embezzlement. Rogers, the
depositary, incurred thereby the legal obligation to return the money
deposited to Mrs. Williams, or to pay it on her order, as soon as he
became released from the bond. Mrs. Williams subsequently made a
conditional assignment of the money to the plaintiff, A. P. Field, of
which Rogers was duly notified and assented thereto. And this con-
dition was the release of the bond which Rogers had signed. The
condition happened. The assignment or order of Mrs. Williams on
Rogers for the money became absolute. Rogers refused to pay over
the money, and this suit against him is the result. The basis of the
action against him is the obligation he incurred when he received the
money deposited by Mrs. Williams. The obligation of a depositary is
the obligation sought to be enforced against him.

There is nothing immoral in Rogers being compelled to pay over to
A. P. Field, assignee of Mrs. Williams, money which Mrs. Williams
deposited with him as an indemnity against liability on the bond
which he signed as security for her husband, that bond being dis-
charged by the discontinuance of the suit or criminal prosecution.
Now, whether this discontinuance resulted from the compounding of a
felony, or any other immoral transaction, is of no consequence so far
as Rogers is concerned.

What means were employed to obtain the release of the bond does
not concern him. It was no part of his agreement when receiving the
deposit that he should keep the money unless the bond was released
in a legitimate manner. He had nothing to do with the means em-
ployed to accomplish the release of the bond. It was enough for him
to know that the bond was canceled, and his obligation to pay over
the money to Mrs. Williams, or the plaintiff holding her order, became
absolute. What consideration Field gave to get the assignment or
order for the money does not concern Rogers, the depositary. It is no
excuse for him that the consideration for the order or the assignment
by Mrs. Williams was immoral, or that she gave the order as the con-
sideration for the discontinuance of a criminal prosecution. If Mrs.

Williams had appeared and set up the illegality of the consideration for the assignment or order in favor of Field, the question would have been properly before the court. If the defendant is compelled to pay over the money on the order of Mrs. Williams, the obligation he will discarge in doing so will be the obligation of a depositary, the only one he incurred, and that surely was not immoral.

It has frequently been held by this court that the holder of a note given for a valid consideration can enforce its payment whether the consideration he gave for it to the indorser was a slave, or Confederate money, or not; whether the consideration for the indorsement was immoral or not.

For the reason stated and those expressed in the first opinion of this court in this case, I dissent.