(122 So. 595)

No. 29577.

## FOSTER & GLASSELL CO. v. HARRISON et al.

April 22, 1929. Rehearing Denied May 20, 1929.

Foster, Hall, Smith & Blue, of Shreveport, for appellant.

Peterman, Dear & Peterman, of Alexandria, for appellees.

OVERTON, J. W. O. Harrison died in May, 1920, leaving a widow, Mrs. Ida E. Harrison and two children, L. J. and O. P. Harrison, both of whom, at the time of the death of their father, had attained their majority. The succession of the deceased was duly opened, and O. P. Harrison qualified as administrator thereof. The business that the deceased had operated, which included a mercantile establishment, the administrator continued to operate in the name of the succession. At the time of the death of the deceased he was indebted to Foster & Glassell Company, Limited, the plaintiff herein, in a large amount, on open account. After the death of the deceased this account was continued by the administrator as a running account. New debts were incurred by the administrator in his transactions with plaintiff, and certain payments were made on the indebtedness due. On April 24, 1924, Mrs. Ida E. Harrison and her two sons executed their personal note in favor of plaintiff for $5,000, in part settlement of the indebtedness due by the succession and contracted in its name, payable one year after date, to the order of plaintiff, binding themselves in solido, and leaving a balance due on account. This note bears 8 per cent. per annum interest, and contains the usual clause of 10 per cent. attorney's fees.

The present suit was instituted on the foregoing note. The suit was discontinued as to the defendant O. P. Harrison, for the reason that, after it was instituted, plaintiff learned that O. P. Harrison had died. The defenses urged by the remaining defendants are a lack of consideration for the note and, in the alternative, payment.

■ The defense of lack of consideration is not sustained. It rests upon the ground that the note was given, not for the indebtedness of defendants, but for the indebtedness of the succession of their father. The position here taken by defendants was taken by the two sons in the case of William T. Hardie & Co. v. O. P. and L. J. Harrison, 167 La. 753, 120 So. 284. It was there said:

"The defense of lack of consideration is based solely on the ground that the notes sued on represent an indebtedness of the succession of W. O. Harrison and not an indebtedness of the defendants, who received no pecuniary return for executing the instruments. The defense is not well founded. Defendants are the children and sole heirs of their father, the primary obligor. They not only had the right, by a natural mandate, to bind themselves for their father's debt, Matthews v. Williams, 25 La. Ann. 585, but it was also to their manifest advantage to do so, as his heirs, in order to obtain the extension of time, resulting from the execution

of the notes, within which to discharge that debt."

The foregoing excerpt is decisive of the defense of want of consideration as to the defendant L. J. Harrison. It is equally decisive as to Mrs. Harrison, the widow, in community.

■ As to the plea of payment, urged by defendants, as an alternative plea, we find no merit in it. The payments made to the plaintiff were made by checks drawn by O. P. Harrison, as administrator. These payments, as the manner of making them indicated they should have been, were imputed against the indebtedness shown by the open account, carried by the parties in the name of the succession, and not on the note, signed by defendants individually, except in one instance where $700 was paid by check with the statement that the payment was made on the note. This payment has been credited on the note together with $25.47 additional. There is no error in the imputation of the payments made, of which defendants may complain, and therefore there is no merit in the plea of payment.

The trial court rejected plaintiff's demand. The judgment appealed from must therefore be reversed.

For the reasons assigned the judgment appealed from is annulled and set aside, and judgment is now rendered in favor of plaintiff against the defendants Mrs. Ida E. Harrison and L. J. Harrison, in solido, for the sum of $5,000, with 8 per cent. per annum interest thereon from December 22, 1925, subject to a credit of $725.47, paid on said date, and 10 per cent. attorney's fees on the balance due. It is further ordered that the rights of plaintiff, if any, against the succession of O. P. Harrison be reserved, Mrs. Harrison and L. J. Harrison to pay the costs of both courts.