FRUGÉ, Judge.
The plaintiff, Davis-Delcambre Motors, Inc., sued the defendant, Martin Simon, on his promissory note dated June 14, 1957 in the amount of $300.00. Defendant, by special plea, raised the defense of illegal consideration as a bar to collection on the note. From a judgment in the lower court granting plaintiff the relief prayed for, defendant has appealed.
*777 The record discloses that during the first week of June 1957, Wilmer Mitchel purchased a 1952 Chevrolet automobile from the plaintiff. The sale of the automobile was to be a cash transaction. Pursuant to this sale, Mitchel gave plaintiff two checks, in the amounts of $200 and $100, drawn on the State National Bank of New Iberia. Plaintiff attempted to cash these checks at the named bank but was informed that Wilmer Mitchel had no account. Accordingly, payment was refused. About one week later plaintiff contacted Wilmer Mitchel and threatened to have him arrested for issuing worthless checks. Subsequently Martin Simon, Mitchel’s employer, issued a promissory note in the exact amount of the worthless checks.
In urging lack of valid consideration, defendant argues that the note was given for an illegal consideration in that the only reason the note was given was plaintiff’s forbearance in the prosecution of Mitchel for issuing worthless checks. Plaintiff, on the other hand, argues that the note was given in payment of the debt owed by Mitchel to plaintiff, and that as such was supported by good and valid consideration. In addition, plaintiff objects to the defense of lack of valid consideration, since defendant did not raise this issue by way of answer.
Concerning defendant’s pleading of the affirmative defense of lack of valid consideration, LSA-C.C.P. Art. 1005 provides :
“The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, ex-tinguishment of the obligation in any manner, failure of consideration * * *, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.”
The obvious purpose of this article is to give fair notice of the nature of a defense, thus preventing surprise on the part of the petitioner. However, notwithstanding Article 1005, it seems well established that the issues of a case may be enlarged by evidence adduced without objection. Thus LSA-C.C.P. Art. 1154 provides:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of. the action-will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
In the instant case, although defendant did not specify by way of answer that he was attacking the validity of the note sued upon by alleging an illegal consideration, this issue was tried without any objection on the part of plaintiff. Under Article 1154, this issue was, therefore, properly before the trial court and merits our consideration on appeal. See Norman v. City of Shreveport, La.App., 141 So.2d 903.
*778 Counsel for defendant argues that the consideration for the note at issue was the debt of Wilmer Mitchel, and that the payment of a debt of a third person is valid consideration. In our opinion, counsel has correctly stated the law in this regard. Dauzat v. Bordelon, La.App., 145 So.2d 41; Foster & Glassell Co. v. Harrison, 168 La. 500, 122 So. 595. However, viewing the evidence and testimony as a whole we are convinced that the payment of the debt of Wilmer Mitchel was not the cause which motivated defendant to make the note. Thus, Mr. Earl J. Davis, President and General Manager of Davis-Del-cambre Motors, when questioned about the circumstances surrounding the making of the note, testified as follows:
"He [Wilmer Mitchel] gave us two checks, one dated that day, and the other check dated for a week to follow. Monday morning we go to the bank to cash his check, and the check was no good, no account. And we got a hold of Mitchel, and he promised to make the checks good. And it was sometimes, oh, possibly a week or two weeks later before we was able to contact him again. He was working for Martin Simon. And Simon came in one afternoon and said that he was going to sign that check for Mitchel, rather, sign the note to clear Mitchel, because I was threatening to have him locked in jaÁl for giving me bad checks.” (Tr. 57) (Emphasis added.)
H* * • * * * *
"Q. Well, if Martin Simon had not given you the note, as you say you would have had Red picked up and put in jail on criminal charges.
“A. That’s right, Wilmer T. Mitchel, ‘Red’ Mitchel.
“Q. You would have had him picked up and put in j ail ?
“A. Yes, sir.
“Q. And you would have filed a criminal charge of bad checks, is that right P
“A. Yes, sir.” (Tr. 60)
The only realistic conclusion that can be drawn from the testimony of Mr. Davis is that defendant gave the note in question in consideration of plaintiff’s forbearance to prosecute Wilmer Mitchel for issuing worthless checks. Accordingly, we SO' hold.
Having determined the cause or consideration for defendant’s making the note, we now turn to the question of whether such consideration is legal and valid.
All contracts which have as their object that which is forbidden by law or contrary to good morals are void. LSA-C.C. Art. 1892. By the "cause” of a contract is meant the motive or consideration for making it. LSA-C.C. Art. 1896. “The cause is unlawful, when it is forbidden by law, when it is contra bonos mores (contrary to moral conduct) or to public order,” LSA-C.C. Art. 1895. Accordingly, it has been held that the promise of a father to pay the debt of his insolvent son in exchange for the creditor’s promise not to prosecute for fraud is without a good consideration and void, as against public policy. Field v. Rogers, 26 La.Ann. 574; Perry v. Frilot, 6 Mart.(N.S.) 217; Leggett v. Pett, 1 La. 288, 297. Similarly, the courts have refused to enforce promises to pay gambling debts. Wilson v. Sawyer, La. App., 106 So.2d 831.
 As previously stated, the obvious consideration for the note in question was the forbearance to prosecute Mitchel for issuing a worthless check. We need not enter into any detailed discussion that such an act is a crime. See LSA-R.S. 14:71. In our opinion, it is axiomatic that the promise to suppress the prosecution of this crime is contra bonos mores and results in rendering the note sued upon void for lack of consideration. In reaching this conclusion, we are mindful of plaintiff’s argu *779 ment that R.S. 14:71 requires an intent to defraud and that such intent on the part of Mitchel was not established on the trial of this case. However, as stated by the court in Perry v. Frilot, supra, 6 Mart. (N.S.) at 219, concerning this same contention :
“The evidence does not show whether the conduct of the son was fraudulent or not. But the want of proof on this head cannot affect the conclusion to which our duty requires us to come. If it was not fraudulent, the plaintiff practiced a gross fraud and deception on the defendant. If it was fraudulent, he cannot make the promise'to conceal that fraud the basis of an action in a court of justice.”
The above quotation adequately expresses the views of this court on the matter.
For the reasons assigned, the judgment of the lower court is reversed and plaintiff’s suit is dismissed; plaintiff-appellee to pay all costs of this appeal and of these proceedings.
Reversed.