SAVOY, Judge.
This appeal involves a promissory note dated May 3, 1960, for $2,745.00, bearing interest at five per cent per annum from date, payable one year after date to the order of plaintiff. It is signed by the two defendants as follows: “Francis F. Del-homme, Rene D. Delhomme, Secretary”. In its petition, plaintiff alleged that the note was past due and unpaid, and prayed for judgment against defendants, in solid©, in the amount of the note, plus interest and attorney’s fees as provided in the note.
Defendants filed an answer and a third party demand. In the answer, the defendants deny personal liability on the note, and maintain they signed the note in their *356 capacity as officers of and for and on behalf of Greenlawn Memorial Gardens of Lafayette, Inc., sometimes hereinafter referred to as the “Lafayette corporation”. Defendants alleged that the Lafayette corporation was indebted to plaintiff in the sum of $62,900.00, represented by one promissory note dated May 3, 1956, secured by an act of mortgage recorded in Lafayette Parish, Louisiana; that the corporation failed to pay the interest due on the obligation, and upon demand of plaintiff, the promissory note in the amount of $2,745.00, representing the interest due on the corporate obligation from May 3, 1959, to May 3, 1960, was executed by defendants in their capacity as officers of the corporation. With respect to individual liability, the defendants plead lack of consideration as a defense.
Alternatively, assuming the position of plaintiffs in third party demand, the defendants alleged that on November 18, 1960, Supreme Services, Inc., a corporation domiciled in Lafayette Parish, Louisiana, purchased all of the outstanding stock and assets and assumed all of the debts of the Lafayette corporation. Further, that in the agreement of purchase, the stockholders of Supreme Services, Inc., namely, Simon Domingue, Lester P. Domingue and Gerald I. Hebert, personally guaranteed the performance of the obligations assumed by Supreme Services, Inc. Defendants prayed that in the event judgment is granted for plaintiff, defendants be granted judgment against Supreme Services, Inc., Simon Domingue, Lester P. Domingue and Gerald I. Hebert, in solido, for the same amount as any judgment rendered in favor of plaintiff, plus interest, costs and expenses.
An answer to the third party demand was filed, wherein it was admitted that Supreme Services, Inc. purchased all of the outstanding stock of the Lafayette corporation, and that certain obligations were assumed as specified in the contract of purchase dated November 18, 1960. It is alleged that the note for $2,745.00 sued on by plaintiff represented a personal obligation of Francis F. Delhomme and Rene O. Del-homme, and was not one of the obligations assumed by the defendants in the third party demand.
The district court rendered judgment for defendants, rejecting plaintiff’s demands. The third party demand was also dismissed. Plaintiff has filed an appeal to this Court. None of the other parties to this suit appealed from the judgment of the district court, nor did any of them file an answer to the appeal.
Plaintiff maintains that the record shows that the defendants signed the note in their individual capacities. Further, that by virtue of the Negotiable Instruments Law, LSA-R.S. 7:20, the defendants are personally liable on the note because of the manner in which their signatures appear, particularly since their principal was not disclosed in the instrument. It is urged that error or fraud was not alleged by defendants and that parol evidence would not be admissible to alter the written instrument. With respect to the defense of consideration, plaintiff maintains that the preexisting debt due by the Lafayette corporation furnished sufficient consideration to support the promise of defendants, as third parties, to pay this debt. Also, that the extension of time granted for the payment of the $62,900.00 mortgage note was lawful consideration for the promissory note signed by defendants.
The defendants maintain plaintiff had no right to bring this suit as there is no evidence in the record to show plaintiff held any interest in the $62,900.00 mortgage note which was made payable to the order of Greenlawn, Inc., and there was nothing showing that it had been transferred to plaintiff; that in the absence of any showing that plaintiff was the holder of the original $62,900.00 mortgage note, and that it was acquired for value, then there could be no consideration given by plaintiff for the alleged granting of an extension of time for its payment, as plaintiff could not grant an extension of time for payment on a *357 note it did not own. LSA-R.S. 7:49 is cited in support of this contention. Defendants also urge that the record shows defendants did not sign the note in their individual capacities. Alternatively, it is urged that the third party defendants should be held responsible for the payment of the note.
The record discloses the following facts. On May 3, 1956, Greenlawn, Inc., a Louisiana corporation domiciled in Calcasieu Parish, represented by Joseph L. Gayle, its secretary, sold to the Lafayette corporation, certain immovable property. As part of the consideration the purchaser executed a promissory note payable to the order of Greenlawn, Inc. in the principal sum of $62,900.00, with interest at the rate of five per cent per annum from date until paid. At the time of the purchase by the Lafayette corporation, Victor D. Fentress and his wife were its sole stockholders.
On May 24, 1958, all of the outstanding stock of this corporation was sold to Francis F. Delhomme, his wife, and two sons, Francis B. Delhomme and Rene D. Delhomme. On June 27, 1958, a $5,000.00 payment was made against the principal of the $62,900.00 note, and Greenlawn, Inc. waived all interest on the note to May 3, 1958. Also, another $3,000.00 payment was made, reducing the principal balance of the note to $54,900.00, with interest due from May 3, 1958.
A year later, in May of 1959, a promissory note was executed in the amount of $2,745.00, bearing interest at the rate of five per cent per annum until paid, due one year from date. This note represented the interest due on the mortgage note for the year May 3, 1958, to May 3, 1959. This note was paid on May 11, 1960, by a check of the Lafayette corporation made payable to plaintiff, Gayle-Blevins Lumber Co., Inc. in the amount of $2,882.25 ($2,745.00 plus five per cent interest for one year). This check was introduced into evidence, but the note was not, it being either lost or destroyed.
On the date of this payment, on May 11, 1960, the note involved in this lawsuit was executed. The note was dated back to May 3, 1960. The amount of the note, $2,745.00, represented five per cent interest for one year, for the period of May 3, 1959, to May 3, 1960, on the balance due on the $62,900.-00 mortgage note. Francis F. Delhomme and Rene D. Delhomme, accompanied by Francis B. Delhomme, drove from Lafayette to the office of Gayle-Blevins Lumber Co., Inc. in Lake Charles, and met with Mr. Joseph L. Gayle and Mr. Ed Blevins. Mr. Gayle is president of the Gayle-Blevins Lumber Co., Inc. and secretary of Green-lawn, Inc. Mr. Blevins is secretary-treasurer of Gayle-Blevins Lumber Co., Inc. The stockholders of Gayle-Blevins Lumber Co., Inc. and Greenlawn, Inc. are practically the same.
Mr. Blevins filled in the blanks of a standard form printed note, indicating the date, due date, name of payee, amount, place of payment and interest rate. The defendants signed on the lines of the form note, with Francis F. Delhomme simply signing his name, and Rene D. Delhomme signing his name, after which he placed the word “secretary”.
There is a conflict in the evidence, particularly as to whether the defendants intended to sign the note dated May 3, 1960, in their individual capacities.
The defendants testified that when they acquired the stock of the Lafayette corporation, the payee of the original mortgage note of $62,900.00 was anxious for the cemetery to succeed so that it would not be necessary for it to repossess the cemetery; that the payee, Greenlawn, Inc., waived all previous interest accrued to May 3, 1958. Also, in May of 1959, a promissory note in the amount of $2,745.00 was accepted for the interest due for the prior yéar ending May 3, 1959. The defendants testified they signed this earlier note on behalf of the Lafayette corporation for an extension of time and to allow interest to be paid on *358 interest, and that the note was not their personal note.
Defendants also testified that when they met with Joseph L. Gayle and Ed Blevins on May 11, 1960, they pointed out that the Lafayette corporation was making progress, and although it had sufficient funds to pay the interest due on the mortgage note for both prior years, it needed capital to pay operating expenses to keep the cemetery going, and that this would benefit all parties. Defendants testified that by agreement, the check of the Lafayette corporation for $2,882.25 was accepted for the interest due on the mortgage note to May 3, 1959, (plus five per cent interest on this amount, as represented by the note dated in May of 1959) and that the new note dated May 3, 1960, the one involved in this lawsuit, was signed at this time, following the procedure adopted the prior year. Defendants 'maintained it was understood they were signing the note as corporate officers for a corporate liability, and that Francis F. Delhomme signed as the president and Rene D. Delhomme signed as the secretary.
On the other hand, Mr. Ed Blevins testified he knew of the financial difficulty of the Lafayette corporation, and, therefore, wanted a personal note from the defendants for the interest due on the mortgage •note to May 3, 1960, so he prepared it for them to sign in their individual capacities. He considered this additional security. Mr. Joseph L. Gayle testified the defendants requested an extension of time for payment •of the $62,900.00 mortgage note, so the note involved in this lawsuit was signed by defendants personally in payment of interest due.
The first issue to be considered is the defense set forth in defendants’ answer of want of consideration. The district court found that the note dated May 3, 1960, payable to plaintiff, was not given for a valid consideration. It was reasoned that since there was no evidence in the record to show a proper legal transfer of the original $62,900.00 mortgage note from the payee, Greenlawn, Inc., to plaintiff, Gayle-Blevins Lumber Co., Inc., plaintiff did not prove consideration in the form of an extension of time for payment of that note as was claimed to give the note dated May 3, 1960, a valid consideration.
After a review of the evidence and the law applicable to this case, we find the district court was in error in upholding this defense.
The question of whether plaintiff owned the $62,900.00 note should not have been considered by the district court, as this was not an issue raised by the pleadings because defendants alleged this to be true in Article V of their answer, to-wit:
“And further answering, defendants aver that they were officers of Green-lawn Memorial Gardens of Lafayette, Inc., which corporation was indebted to plaintiff herein in the sum of SIXTY TWO THOUSAND NINE HUNDRED ($62,900.00) DOLLARS, represented by one promissory note executed by Greenlawn Memorial Gardens of Lafayette, Inc., dated May 3, 1956, secured by and identified with act of mortgage duly recorded under Entry Number 337719 of the Recorder’s Office of the Parish of Lafayette, Louisiana.”
Defendants urge the evidence adduced at the trial, without objection by plaintiff, enlarged the pleadings and established that plaintiff did not, in fact, own the $62,900.00 note. It is urged the evidence established that this note was owned by Greenlawn, Inc., and not plaintiff, and the evidence fails to show a transfer to plaintiff. It is further urged that the evidence shows defendants had never seen the $62,900.00 note and were in error in alleging the Lafayette corporation was indebted to plaintiff on this note.
We do not necessarily agree with defendants that the evidence adduced established plaintiff was not the owner of the $62,900.00 note. Nor did defendants attempt to amend their pleadings because of error. The only evidence tending to show plaintiff was not the owner of the note was the testimony of *359 one of plaintiff’s officers that the note was never endorsed, and the introduction of the $62,900.00 note, which contained no endorsement. The introduction of that note also related to the issue of whether defendants signed in their individual capacities. The defendants not only alleged plaintiff owned this note in their answer, but also introduced the check dated May 11, 1960, given in payment of the first interest note dated in May of 1959. That check was signed by the Lafayette corporation for the interest on the $62,900.00 note to May 3, 1959, and was made payable to the order of plaintiff. Also, when plaintiff attempted to offer evidence to show who owned the $62,900.00 note, the defendants objected, and the district court erroneously upheld these objections. If this was an issue, the court should have allowed this evidence. See Maddox v. Robbert, 165 La. 694, 115 So. 905, wherein it is stated:
“It is a mistake to say that the title or ownership of a note can only be transferred by an indorsement or written assignment.
“It was held, as far back as 1830, that a note payable to order may be transferred without indorsement, and that the transfer can be proved by parol testimony. * * * ”
However, we find it unnecessary to decide this question, since this is not a case of enlarging or extending the pleadings, or changing an error by amendment, but is rather a complete reversal of position, and we believe the following law to be applicable to the facts of this case, to-wit:
“ * * * A litigant is not expected to prove or disprove that which his opponent alleges and he is willing to admit.” Miles Planting & Mfg. Co. v. Ware, 142 La. 1026, 78 So. 104.
“An admission in a plea or answer is binding on the party making it; such an admission is a conclusive or judicial admission, and is not merely evidence. The admission is conclusive as to the-admitted fact, and no evidence may be-shown to contradict it. * * * ” 71. C.J.S. Pleading § 160, page 334; see also cases cited in Footnotes 27, 28 and 29 therein.
We shall now pass to the other elements which are necessary to make up the proof of consideration by plaintiff. In this connection, the Negotiable Instruments Law provides that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and that every person whose signature appears thereon is deemed to have become a party thereto for value. LSA-R.S. 7:24.
We find the record shows plaintiff did grant an extension of time for payment of the $62,900.00 note in return for the note dated May 3, 1960. The record shows it was for the purpose of obtaining such an extension that the defendants made the trip from Lafayette to the office of plaintiff in Lake Charles. Defendants do not seriously dispute this, but urge rather that they acted for the Lafayette corporation. Such an extension of time for payment has been held to constitute lawful consideration for a promissory note. Foster v. Wise, 27 La.Ann. 538; and Gulf Refining Co. v. Loeb, (La.App., Orl., 1940), 195 So. 848.
“Forbearance of, or a promise to forbear, suit or proceedings on a claim has often been treated as sufficient consideration for an undertaking on a bill or note, whether the instrument is given merely as collateral security for the debt, to prevent threatened proceedings, for accrued interest, for compound interest, or for interest at an increased rate. Hence, an extension of the time for the payment of a debt or the performance of an agreement of the obli-gor, or a third person, has often been held to constitute consideration.” 10 C.J.S. Bills and Notes, § 151. See also Foster & Glassell Co. v. Harrison, 168 La. 500, 122 So. 595.
*360 The final issue for consideration is whether or not defendants signed the note dated May 3, 1960, -in their individual capacities, for if this be true, then they should be held personally liable, since a check or note given by one to pay a third person’s debt is supported by valid consideration. Hale v. Fornea, (La.App., 1 Cir., 1955), 79 So.2d 124; and Quaintance v. Cook, (La.App., 1 Cir., 1957), 92 So.2d 504. Additionally, the defendants were stockholders in the Lafayette corporation, the third party, and were interested parties. Compare the case of Foster & Glassell Co. v. Harrison, supra.
The defendants have urged that they signed this note dated March 3, 1960, not in their individual capacities, but as officers of the Lafayette corporation. This is directly controverted by plaintiff’s witnesses who testified that defendants signed the note personally to guarantee the obligation.
The question is raised as to whether or not parol evidence is admissible under the Negotiable Instruments Law for the purpose of relieving from personal liability a person or persons whose signature is supplemented by a word or words indicating his agency or representative capacity where the name of the person’s principal does not appear on the face of the instrument. This question is presented in an annotation beginning at page 650 of volume 111 of American Law Reports, annotated, which discusses the varied results reached in different states concerning this question in interpreting Section 20 of the Negotiable Instruments Law (LSA-R.S. 7:20). There are numerous cases holding each way. Representing Louisiana to be one of the states which holds that such parol or extrinsic evidence is not admissible, even as between the original parties, the case of Dayries v. Lindsly, 128 La. 259, 54 So. 791, is cited in the annotation. This case held that one signing notes with the intent to do so only as agent for his wife was personally bound, although he added “agent” after his own name, where he did not disclose his principal on the notes.
In connection with this question, counsel for defendants urges that the more recent Supreme Court case of Universal C. I. T. Credit Corp. v. Alker, 239 La. 1057, 121 So.2d 78, implies that parol evidence should be admissible in such cases. In that case the plaintiff sued on a chattel mortgage and note signed by defendant. There was nothing in the chattel mortgage and note, other than the name of the corporation typed at the top of the chattel mortgage, to indicate that the defendant, an officer of the corporation who signed the instrument, intended to bind only the corporation and not himself individually. The court held the defendant did not avail himself of the provisions expressed in LSA-R.S. 7:20 to avoid personal liability, and, therefore, found defendant personally liable as maker. However, rather than reaching this question directly, without the consideration of parol evidence, the court stated that, “The salient and decisive question before us is whether Universal C. I. T. Credit Corporation is charged with knowledge of the infirmities in the instrument * * ”. The court proceeded to consider parol evidence and concluded that plaintiff was a holder in due course. Counsel for defendants in this appeal urges that, by placing emphasis on this question, the court implied a different result could be reached by the use of parol evidence, when the plaintiff is not a holder in due course (and, a fortiori, as between the original parties to the original instrument).
Although the Universal C. I. T. Credit Corporation case, supra, may seem to imply this in a negative sense, the holding of that case does not support the defendants’ position in the case at bar, since the defendant in that case was held personally liable squarely under the provisions of LSA-R.S. 7:20.
 We believe the law expressed in the Dayries case, supra, is still the law of this state, and that where a person merely adds words after his signature, describing himself as an agent, or as filling a representative capacity, without disclosing his prin *361 cipal, lie must be held personally liable as maker of the note; and parol evidence is not admissible, even as between the original parties, to show an understanding or agreement to the contrary.
Of course, the defendant, Francis F. Del-homme, did not place any word or words after his signature, and the above argument would apply only to the defendant, Rene D. Delhomme, who placed the word “secretary” after his signature.
Although the evidence introduced is conflicting, plaintiff’s evidence seems more logical and reasonable. Why would plaintiff need an additional note from the Lafayette corporation? The position of defendants that plaintiff wanted this note for the purpose of collecting compound interest is not as convincing as the position of plaintiff that this personal note of defendants was taken for an extension of time to allow the defendants, who were the owners of the Lafayette corporation, to either sell or make a success out of the operation of the cemetery. The plaintiff’s witnesses testified they knew of the financial difficulty of the Lafayette corporation, and, therefore, took the defendants’ personal note, as this would give plaintiff additional security, and they felt the defendants were in a better financial condition. It is noted that the stock of the Lafayette corporation was sold by the defendants approximately six months later. On the other hand, the defendants testified positively they did not intend to sign in their individual capacities, and it is possible that defendants did not fully understand from the conversations that the note they signed was considered by plaintiff to be the defendants’ personal note. The district court made no indication that the testimony of any of the witnesses should be discounted.
However, we need not make a ruling on the conflict of the parol evidence, because the manner in which the defendants signed the instrument precluded any consideration of parol evidence for the purpose of relieving them from personal liability.
LSA-R.S. 7:20 provides clearly that the addition of words describing a person as an agent, or as filling a representative character (such as “secretary”), without disclosing his principal, does not exempt such person from personal liability. Any presumption or question to the contrary in this respect is negated by the act. To avoid being held personally liable as maker under the Negotiable Instruments Law, the defendants in the case before us on appeal would have had to avail themselves of the provisions of this section. Having failed to do so, they must be held personally liable as makers.
We next consider the third party demand filed by defendants against Supreme Services, Inc., Simon Domingue, Lester P. Domingue and Gerald I. Hebert. The trial court dismissed said third party demand. The present defendants did not appeal from this ruling. Accordingly, the matter is not before this Court for determination.
For the reasons assigned, the judgment of the district court dismissing plaintiff’s demand is reversed, and judgment is hereby rendered in favor of plaintiff, Gayle-Blevins Lumber Co., Inc., and against the defendants, Francis F. Delhomme and Rene D. Delhomme, in solido, in the sum of $2,-745.00, with interest at the rate of five per cent per annum from May 3,1960, until paid, plus ten per cent of this amount for attorney’s fees. All costs of this proceeding, including the costs of appeal, are assessed against defendants.
Reversed and rendered.