CULPEPPER, Judge.
This is a suit for the contract price of $1724.85 allegedly owed by defendant to plaintiff for making repairs to defendant’s home following a fire. The district judge awarded plaintiff only $492.85. Plaintiff appealed.
The sole issue raised on appeal is whether the trial judge erred in allowing the introduction of testimony by a house painter that certain areas received only one coat of paint, whereas the contract required two, and that in other areas the painting was not performed in a workmanlike manner. The painter said it would cost $280 to complete the job in a workmanlike way. Plaintiff contends this is an affirmative defense, which was not specially pleaded by defendant as required by LSA-C.C.P. Article 1005.
Plaintiff’s petition alleges a contract for a price of $1,724.85. In paragraph III he states: “That petitioner substantially performed in compliance with each and every provision of the contract, as aforementioned.”
In his answer defendant alleges: “Article III is denied, defendant specifically *592 showing that petitioner did some work on the property which did not have a value in excess of $350.00”.
LSA-C.C.P. Article 1005 provides in pertinent part:
“The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense.”
The general purpose of these provisions is to give fair notice of the nature of the defense, thus preventing surprise to the plaintiff, Roberts v. Meche, 204 So.2d 592 (La.App.1967); Davis-Delcambre Motors, Inc. v. Simon, 154 So.2d 775 (La.App.1963). In the present case, the affirmative allegations in the answer satisfy this purpose.
Defendant denied substantial performance of the contract and affirmatively alleged that plaintiff “did some work”. This gave fair notice that defendant intended to introduce evidence to show that the contract was not performed and that only part of the work was completed.
The answer further alleged affirmatively that even the work which was done did not have a value in excess of $350. This gave fair notice that defendant intended to introduce evidence to show that the value of the work which plaintiff actually performed was only $350.00. Plaintiff should have reasonably anticipated this estimate was made on the basis of both the amount and the quality of the work performed. Essentially, these were the issues presented by defendant’s affirmative allegations, and to which the testimony at issue addressed itself.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.